CAROLINE COTTINGHAM, plaintiff in error, *vs.* WILLIAM J. WEEKES, defendant in error.

A widow may recover for the homicide of her husband, whether the homicide be the act of a natural or artificial person, or the result of intention or criminal negligence.

Husband and wife. *Torts.* Homicide. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1875.

Reported in the opinion.

Cottingham *vs.* Weekes.

W. A. LITTLE, by brief, for plaintiff in error.

JAMES JOHNSON; BLANDFORD & GARRARD; J. M. MA-
THEWS; E. H. WORRILL, for defendant.

JACKSON, Judge.

Caroline Cottingham, widow of James D. Cottingham, de-
ceased, brought suit against William J. Weekes for the unlaw-
ful killing of her husband. The declaration was demurred
to on the ground that no right of action existed in case of the
homicide of the husband in favor of the wife, except against
railroad companies which, by negligence, caused the death of
deceased. The single question is, does the right of action ex-
ist in all cases. The act of 1850, Cobb's Digest, page 476,
gave to the legal representative of the deceased the right to
sue for damages in such cases, and that act applies generally
to all persons guilty of homicide. The Code gave the right
to sue to the widow in lieu of the legal representative of de-
ceased: Code, 2371. By reference to our reports it will be
seen that the question was mooted whether the act applied
at all to railroad companies. It was held that it did: 24
*Georgia Reports*, 362; but this ruling did not restrict the
general right in other cases and against other defendants. It
simply applied and extended against corporations as artificial
persons, a right of action which the statute gave against per-
sons generally, and which nobody doubted existed by the
terms of the act against all natural persons. Nor does the
act of 1855–6 take away this right of action against nat-
ural persons guilty of homicide. It extends the right to
cases against railroads *eo nomine* and restricts the right of re-
covery to certain persons; to the widow first; if no widow,
to the children; if none, then to the legal representative: Acts
of 1855–6, page 155. Section 2971 of the Code is as broad
as the English language can make its provisions; nor is it
restricted by section 2972. That, in terms, applies to *torts*
less than homicide, because the plaintiff's ordinary care is al-

luded to; but here the plaintiff is the wife, and the husband, whose care alone could have prevented the homicide, is dead. It may, indeed, qualify too the guilt of railroad companies and others; but it cannot at all affect the general scope of section 2971, which we think, by its plain terms, embraces all perpetrators of murder or manslaughter. While the context may properly be referred to in order to ascertain the meaning of doubtful words or terms, yet where the words are plain and the terms clear, and in their ordinary signification give a right, that right should not be narrowed by a resort to the context; and while statutes should be construed *in pari materia*, especially in the same Code, yet the plain meaning of one paragraph should not be distorted by a resort to another paragraph, particularly where both can be so. construed that both may stand in their obvious sense. Section 2971 of our Code gives the right of action in all cases of homicide; section 2972 refers by its terms to *torts* less than homicide when the party plaintiff is the injured person, and by construction and analogy and reason to homicides by railroads, especially where negligence is always an element, and to other cases of homicide where criminal negligence might have caused death, and where the doctrine of contributory negligence may arise. In view of the act of 1850, altered by the Code only in so far as the widow, and if she be dead the children are made the plaintiffs instead of the legal representatives of the murdered man, we feel confident that the court erred in sustaining the demurrer and dismissing the action.

Let the judgment be reversed.