DALY *vs.* STODDARD, trustee, *et al.*

66 145
o111 609

For a widow to have a right of action for the homicide of her husband, his death must have been caused by some act or by the criminal negligence of the defendants. The allegations that the defendants erected and rented a building having a platform or bridge as its means of egress and ingress, that the tenants had no way of moving their furniture into the building except over such platform, that while in the employment and at the instance of the tenants, the husband of the plaintiff was endeavoring to move an iron safe into the building, the platform gave way, and that he was killed, and that this resulted from the improper and faulty construction of such platform by the landlords (who were the defendants), are not sufficient. Such a declaration is demurrable.

Actions. Husband and wife. Damages. Torts. Before Judge FLEMING. Chatham Superior Court. December Term, 1879.

ó

Reported in the decision.

COLLIER & CHARLTON, for plaintiff in error.

GEO. A. MERCER, for defendants.

JACKSON, Chief Justice.

This action was brought by Margaret Daly against John Stoddard *et al.*, to recover damages for the death of her husband. He was killed by the giving away of a platform or bridge ·along a row or range of buildings in Savannah, erected and rented by defendants to Hardee & Sons, among other tenants; he was killed while attempting, at the instance and in the employment of Hardee & Sons, to convey on said platform into their place of business an iron safe for their use; and he was killed, it is alleged, by the platform's giving way to this weight and precipitating him down some fifty feet, and by reason of the improper and insufficient construction of this platform by the defendants, the landlords of the row of buildings, who ,had rented to Hardee & Sons, and who—the tenants Hardee & Sons—had no other means of getting the safe and other furniture and storage into their tenement.

On demurrer the court dismissed this action, and plaintiff excepted.

The only question which in our view of the case we deem it necessary to consider, is, whether under our statute the widow has the right of action to sue for the death of her husband in this case as a case of homicide. At common law she could not sue at all. The only right she has to recover rests on the statute.

What is that statute? "A widow, and if no widow, a child or children, may recover for the *homicide* of the husband or parent." Code, §2971. What is homicide? Its meaning in our Code is to be ascertained from its definition in that Code, as the most natural source whence to

Daly *vs.* Stoddard, trustee, *et al.*

arrive at the intention of the law-makers in the use of the word. It is there defined to be "the killing of a human being of any age or sex, and is of three kinds—murder, manslaughter and justifiable homicide." Code, §4319. These defendants could not be convicted of murder, nor of manslaughter. There was no intention to kill at all. Therefore no murder and no voluntary manslaughter. Was there involuntary manslaughter? That consists in "the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner." Code, §4328.

It is clear that there is no involuntary manslaughter here. The only other death which makes a case of homicide, is justifiable killing. This is not that on the part of these defendants, and if it were, there could be no damage for doing a thing which the law justified.

There is nothing tending to show *criminal negligence* averred in the declaration, and some act of defendant, or *criminal* negligence, must have caused the death to entitle the widow to recover. 56 *Ga.*, 201.

The acts of 1850, Cobb's Digest, 476, and of 1856, pamphlet, 155, cannot be construed to give a right of recovery in this case. The substance of our law is in the Code, §2371 and in 56 *Ga.*, 201, and this case is not embraced therein. Besides, there is no allegation wherein there was any defect in the structure of this platform, or that the landlord had any knowledge of any defect, so set out as to be traversible. In addition to all this, it may be added, that when death ensues from the sale of a wrong medicine, either knowingly or negligently, by a druggist, a right of action is given by statute to the widow, Code, §3005, which would not have been necessary had it existed before under the construction of §2971, insisted on by plaintiff in error. That construction would open a very wide door to cases of suits for death of husbands by widows, caused by accident or carelessness in the use of property.

The statute should be construed strictly—at least, it should not be extended to embrace this class of cases, and will not be so extended without additional legislative enactments.

Judgment affirmed.