CENTRAL RAILROAD *vs.* ROACH.

[Two justices presiding]

1. There was no error in overruling the motion to dismiss this case.
(*a.*) The cases of *Daly vs. Stoddard*, 66 *Ga.*, 145, and *McDonald vs. Eagle and Phenix Manufacturing Company*, 67 *Ib.*, 761, were decided after this case was before the court on a former occasion, (64 *Ga.*, 365); no question as to the necessity of criminal negligence in a co-employé was then made, and the doctrine of *res adjudicata* does not apply.
(*b.*) This court has held, by a full bench, that, to entitle the widow of a servant to recover against the principal for the homicide of

her husband resulting from the negligence of a fellow-servant, it must appear that the homicide amounted to a crime in such neglectful servant, either murder or manslaughter of some grade. The law in respect to the liability of railroad companies and druggists rests on other grounds.

HALL, J., not concurring in the principle of the last head-note.

(c.) An adjudication by a full bench cannot be modified or reversed where only two members of the court preside. Where a principle has been settled by a unanimous judgment of a full court, and afterwards the reverse of it is laid down by a like unanimous judgment of a full bench, without any application for review or reference to the first judgment, no opinion is intimated as to which would bind the court.

2. Taken alone, the charge complained of might have been imperfect, for want of fullness, but in connection with its context, the charge was full and in accordance with the former rulings of this court.

3. A verdict for damages will not be set aside for excessiveness unless the amount found be so excessive as to authorize a suspicion that it was the result of bias or prejudice, or to justify the inference of gross mistake.

JACKSON, C. J., concurred specially.

August 27, 1883.


Railroads. Damages. Negligence. Master and Servant. Practice in Supreme Court. *Res adjudicata.* Before Judge TOMPKINS. Chatham Superior Court. June Term, 1882.

Reported in the decision.

A. R. LAWTON, for plaintiff in error.

R. E. LESTER, for defendant.

HALL, Justice.

On July 23d, 1878, the plaintiff filed her declaration in the superior court of Chatham county against the defendant, claiming damages for the death of her husband, who was killed by an injury received while in the employment of the defendant as a locomotive engineer.

The declaration set forth that,

"On the night of the twenty-seventh day of January, in the year

of our Lord one thousand eight hundred and seventy-eight, the said The Central Railroad and Banking Company of Georgia, a corporation as aforesaid, by the negligence, carelessness and unskillfulness of itself, its agents, servants and employés, so demeaned itself as to cause the death of the said Alexander J. Roach, the husband of your petitioner, thereby depriving your petitioner of the comfort, protection and support of her said husband, the said Alexander J. Roach, to the great damage of your petitioner, to-wit, the sum of ten thousand dollars, which said amount the said defendant, although often requested, refuses to pay.. And your petitioner further shows that the said The Central Railroad and Banking Company, a corporation incorporated under the laws of Georgia, and having its place of business and running its railroad cars and locomotives in the county of Chatham and state aforesaid, hath endamaged your petitioner in this, to-wit: For that, whereas heretofore, to-wit, on the night of the twenty-seventh day of January, in the year of our Lord one thousand eight hundred and seventy-eight, the said corporation above mentioned being then and there the owner and proprietor of certain engines and cars, running on its said railroad between the city of Savannah and the city of Macon, said engines and trains being then and there managed and controlled by the agents, servants and employés of the said corporation, the husband of your petitioner, Alexander J. Roach, being then and there in the employ of the said corporation, and running one of the engines which was running just behind another engine and cars, which last mentioned engine and cars was managed and run by one James Greenlaw, who was then and there the agent and employé of the said corporation; that the said engine and cars which were just ahead of the one on which your petitioner's husband was, was slackened up without any warning given to prevent the other from running into it, and without any good reason, thereby causing the engine and cars on which your petitioner's said husband was employed, to collide with the said preceding engine and cars, and thereby causing great injuries to your petitioner's said husband, from which, after languishing for ten days, he died.

"That the engine and cars on which your petitioner's said husband was employed were running on schedule time, and were in their proper places according to the schedule of the road, and that the accident which resulted in his death was caused wholly by the mismanagement of those in charge of the engine preceding the engine and cars run by your petitioner's said husband.

"That at the time of the killing of her said husband by the negligence, mismanagement, and unskillfulness of the said defendant, its agents, employés, etc., he was in his sixty-first year of age, was in sound health, was an experienced engineer, having been in the employ of the defendant for about twenty-four years in that capacity' was an industrious and hard-working man, and was, by his personal

exertions, capable of making and did make a yearly income of ——— dollars; that he rendered to herself and children a comfortable support, besides laying by the sum of about ——— dollars yearly for their benefit; that, in all human probability, he would have lived and continued to support your petitioner and her said children, for a number of years, to-wit, the number of ——— years, but for the carelessness, negligence and unskillfulness of the said defendant, its agents, employés, etc., whereby his death was caused, thereby depriving your petitioner of the support, protection and comfort of her said husband, to her great damage, to-wit, the sum of ten thousand dollars."

On July 3, 1882, when the case was called for trial, the defendant filed a motion to dismiss the declaration, as follows:

"And now comes the defendant, by its attorney, and moves the court to dismiss the plaintiff's suit, on the ground that the declaration does not set forth any cause of action against the said. defendant, especially in this, that the said declaration does not aver any criminal act or negligence on the part of the said defendant, or its employés, which resulted in the death of the plaintiff's husband."

The plaintiff then filed the following amendment to the declaration:

"And your petitioner shows that the said acts of the said James Greenlaw, the agent and manager as aforesaid of the defendant corporation, by which the said Alexander J. Roach was killed as aforesaid, were done by him without due caution and circumspection."

July 5, 1882, the court overruled the motion to dismiss, by order in writing, as follows:

"It is ordered and adjudged that the motion of defendant, made and filed the 3d day of July of this term, to dismiss the plaintiff's declaration, on the ground that the declaration does not set forth any cause of action against the defendant, especially that the declaration does not set forth any criminal act or negligence on the part of defendant or its employés which resulted in the death of the plaintiff's husband, be and the same is hereby overruled."

To this order the defendant excepted *pendente lite* the same day, and the case proceeded immediately.

There having been a verdict * against the defendant, it brings the case here, and assigns error upon this bill of exceptions.

---

*The verdict was for $5,000.00. (Rep.)

1. The defendant insists that the homicide of the plain
tiff's husband must have been criminal, and not merely
tortious, to entitle her to this action, and counsel invokes
in support of his position two decisions of this court: *Daly
vs. Stoddard et al.*, 66 *Ga.*, 145, and *McDonald vs. The
Eagle and Phenix Manufacturing Company*, 67 *Ib.*, 761.
Both of these decisions were made after this case was
before the court on a former occasion. When it was
here before, no such question as that now made was pre-
sented or passed upon (66 *Ga.*, 635); and we may, there-
fore, dismiss from our consideration the point, so strongly
pressed by plaintiff's counsel, that the question is *res ad-
judicata*.

We concur in opinion, but for different reasons, that the
decision of the court below, upon this assignment of error,
should be affirmed. Whether necessary or not to the de-
termination of the cases cited, this court, by a full bench,
held that " to entitle the widow of a servant to recover
against the principal for the negligence of a fellow-servant
of the same principal, for the homicide of the husband,
which resulted from such negligence, it must appear that
the homicide amounted to a crime in such neglectful ser-
vant, either murder or manslaughter of some grade." In
the body of this last decision cited (which had been sup-
posed to be lost, but since the imperfect publication in 67
*Ga.*, 763, of the questions it was supposed to decide, has
been found\*), it is distinctly stated that " the law in re-
spect to the liability of railroad companies and druggists,
rests on other grounds." Code, §§3005, 2083, 3036, 2202,
are cited.

I do not intend, by anything here said, to signify my
concurrence in the first proposition laid down above.

Our Code, §2968, declares that "a physical injury done
to another, gives a right of action, whatever may be the
intention of the actor, unless he is justified under some
rule of law. The intention should be considered in the

See 68 *Ga.*, 849.

assessment of damages." "Any violent injury, or attempt
to commit a violent injury illegally" (not criminally), "upon
a person, is a tort, for which damages may be recovered."
*Ib.* 2969. That these sections are taken from the common
law, especially in so far as respects the intention of the
tort feasor. See Broom's Com. C. L., 683, *et seq.*, and cases
there cited; 1 Add. Torts, §40. Under the same title,
article and chapter of the Code where these sections are
found, and in close connection with them, is found like-
wise §2971, which gives to "a widow, or if no widow, to the
child or children," an action "for the homicide of the hus-
band or parent." So far as the right to bring a suit by
these persons is concerned, this does away with the com-
mon law maxim *actio personalis moritur cum persona*, and
allows the widow and children a remedy wherever the
husband or parent, if in life, could have maintained it, mak-
ing the suit in the case subject to the same defences it
would have been, had the husband or parent, instead of
the widow or children, prosecuted it, as this court held in
*The Western and Atlantic Railroad Company vs. Strong*,
52 *Ga.*, 466. It was there stated by McCay, J., who de-
livered the opinion, that, " by our law, the right was given
generally to the wife for the homicide of the husband.
This does not cover every case of homicide. Cases of self-
defence, of inevitable accident, of execution by command
of law, etc., must, from the nature of things, be excepted;
that the true inquiry in all such cases is, has the defendant
violated any of the private or public obligations he was
under to the deceased; that, whether those obligations or
duties were implied by law or existed by contract, was
immaterial, but that some duty, public or private, was vio-
lated by the homicide, would seem to follow, from the very
nature of the wrong and from the principles of justice and
equity."

How far the liabilities of railroad corporations differ
from those of natural persons, or whether they stand upon
another and different footing, it is needless to inquire. It

has been determined by a full bench that they do; and this determination cannot be reviewed, modified or reversed, under our law, where only two members of the court preside. Code, §217.

To guard against misapprehension, it may be well to state that, where a principle has been settled by a unanimous judgment of a full court, and afterwards the reverse of it is laid down as correct by a like unanimous judgment of a full bench, without an observance of the conditions prescribed by this section of the Code, or without any reference to the first judgment, as sometimes unavoidably happens, we do not intimate an opinion as to which ruling, the first or the last, we would be obliged to follow, were this point raised and insisted upon. This question, with the others, is left for the determination of a full court.

Neither is it material to inquire, in this connection, how far the civil liability of railroad companies for injuries is affected, if affected at all, by the act of 1876, p. 111, (Code, §4586(b)), which makes the offence of "criminal negligence" upon the part of persons employed in any capacity whatever by such companies, to consist in the infliction of serious injury, other than death, caused by the omission of duty or by any act of commission, upon the part of such servant, in the course of his employment, and subjecting him, upon conviction, to punishment. It may be that this legislation, as contended by some, does countenance the idea that every act of negligence upon the part of the agents of these companies does, by fair construction, characterize and fix the responsibility of the principal, in a civil proceeding to recover damages; or, as maintained by others, that the civil liability of the company is thereby unaffected; that the provision touches only employés, and is as favorable to the companies themselves, in giving them more effective power over the conduct of their servants, as to the public. Between these seemingly conflicting interpretations we do not decide.

In any event, whether one or the other of the views taken of the main question here presented, be correct, the result is the same, as we both agree that the motion to dismiss the action in this case, upon the ground stated therein, was properly overruled by the court. This disposes of the defendant's bill of exceptions *pendente lite*, and also of the first ground of the motion for a new trial.

2. Complaint is made, in the second ground of the motion for a new trial, that the court erred in charging the jury, at plaintiff's request, that "a railroad company is liable for any damage done to persons by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

This charge, as far as it goes, correctly lays down the law. Had it stopped here, without specifying other conditions upon which the defendant's liability depended, there would, perhaps, have been ground for the exception taken. It was, however, completed in this respect by what immediately followed, viz: " If the person injured is himself an employé of the company, and the damage is done by another employé and without fault or negligence on the part of the person injured, his employment shall be no bar to the recovery.

"This means that the rule of law as to the right of recovery is the same in the case of an employé, and another person not connected with the road, except that, in case of an employé who is directly concerned in the act which results in injury, he must show one of two things—either that he was not to blame, or that the company or its employé was to blame ; when he has shown either of these two things, he stands as any other person would ; that is, he has a right to recover, but not unless the evidence shows that he was without any kind of fault himself, and that the company

was at fault. The rule of law laid down by the Supreme Court being thus; after proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the company was to blame.

"If, then, you believe from the evidence that Roach was not to blame in the act which caused his death, then the presumption is against the company, and you should find for the plaintiff, unless the evidence shows that the company, or its other employés concerned in this matter, was not at fault."

All these requests are a substantial, if not a literal, compliance with the principles laid down by this court, applicable to this case, when it was here on a former occasion. Indeed, every phase of the case is covered by the requests given in charge at the instance of each of the parties, and by the general charge of the judge. No other portion of it is excepted to than that above quoted; and being in conformity to the decision of this court, the principles it enunciates must, as to this case, be considered *res adjudicata*.

3. There is evidence to sustain the verdict; the case has been fully and fairly submitted to the jury, both as to the law and the facts. We do not think the verdict finds an excessive amount, as alleged in the defendant's motion for a new trial. The lower court was not of opinion that the amount found was so excessive as to authorize a suspicion that it was the result of bias or prejudice entertained by the jury finding it (Code, §3067), or as to justify the inference of "a gross mistake" upon their part (*Ib.*, §2947), and such were the only conditions upon which either this or the lower court could interfere with the verdict.

Judgment affirmed.

JACKSON, Chief Justice, concurring.

I concur in the judgment.

In respect to the point that there can be no recovery unless the defendant, through its agents, was guilty of

homicide, either wilfully, as in cases of murder and volun-
tary manslaughter, or unintentionally, as in cases of in-
voluntary manslaughter by criminal negligence, it is
enough to say that the ruling in *Daly vs. Stoddard*, 66
*Ga.*, 145, and in *McDonald vs. The Eagle and Phenix
Manufacturing Company*, 68 *Ga.*, 839, is inapplicable to
railroad companies, as was distinctly announced in the
opinion in the latter case.

In the last paragraph of the opinion in that case, drug-
gists and railroad companies are expressly excepted from
the rule, by a unanimous court, and the sections of the
Code are cited on which the exception is based.    Until
reviewed and reversed by a full bench, the principle ap-
plicable to the facts in the Daly and Stoddard and Eagle·
and Phenix cases is law, and the exception of its opera-
tion in railroad cases is law in the same way and to the
same extent.    We are not asked to review either, and'
could not if asked, because the court is not full.    This is a·
railroad case, and covered by the exception in the Eagle·
and Phenix case ; and therefore, the refusal to dismiss the·
action, and the overruling the motion for a new trial on
the first ground, is right, because the Eagle and Phenix
opinion, of a full unanimous court, sustains it, and two
judges, even if desired, have no power to reverse it or re-
view it.    " Sufficient unto the day is the evil thereof."