RANKIN *vs.* MERCHANTS AND MINERS' TRANSPORTATION COMPANY *et al.*

1. A declaration against a foreign corporation and a stevedore, for the homicide of an employé, alleged as follows : The company paid the stevedore to load a ship ; the gangway used in loading was its property, and furnished to the stevedore for that use ; it failed to provide proper guards and side-skids to the gang-plank to prevent the deceased from falling therefrom ; "that deceased was standing on the gang-plank, under the directions and by the order of the stevedore or his agents, and was attempting to ease down, over said gang-plank into said steamship, the said barrels of resin, which said barrels of resin the said (stevedore), with the grossest negligence and without regard to the dangerous position of the said deceased, caused to be rolled down the said gang-plank in such great numbers and rapid succession that the skill and strength of the said deceased were totally insufficient to manage the same, the result of which was his being drowned in the river by the gross negligence and criminal conduct of the said defendants :"

*Held,* that no case was made against the corporation. The mere employment of the stevedore or contractor did not make the company liable for an injury to one of the stevedore's servants ; and the case falls within the ruling in 66 *Ga.*, 145, and in 68 *Id.*, 839.

2. If it were clearly alleged that, by the stevedore's orders and directions, the barrels were precipitated so rapidly upon deceased as to cause his death, then this gross negligence or disregard of life on

the part of the stevedore in so ordering the fellow-servants of the deceased would amount to criminal negligence, and take the case as to him without the rule in the cases cited; but construing the plea most strongly against the pleader, it is not distinctly alleged that he precipitated the barrels himself or ordered others to do so; and there was no error in dismissing the declaration on demurrer.

(a.) No motion was made to amend or otherwise to retain the action against the stevedore alone.

January 6, 1885.

Master and Servant. Homicide. Damages. Actions. Stevedores. Principal and Agents. Pleadings. Before Judge HARDEN. City Court of Savannah. February Term, 1884.

Reported in the decision.

GEORGE W. OWENS; CHARLTON & MACKALL, for plaintiff in error.

W. S. BASINGER, for defendants.

JACKSON, Chief Justice.

A motion was made to dismiss this declaration, on the ground that no cause of action is set out therein; in other words, on general demurrer, the action was dismissed. It is a suit by the wife for her husband's homicide against "the Merchants and Miners' Transportation Company," and Merritt W. Dixon, a stevedore in the employment and pay of that company; and the death occurred by reason of the loading of a ship of the company by the stevedore and his servants.

1. The question is, whether the case falls within *Daly vs. Stoddard*, 66 *Ga.*, 145, and *McDonald vs. The Eagle & Phenix Manufacturing Company*, 68 *Ga.*, 839. In other words, do the allegations make a case of felonious intent in the killing or such criminal negligence as constitutes an ingredient in the offense of involuntary

manslaughter, because those cases, by a unanimous bench, most clearly so construe the meaning of our statute.    Code, §2971.

In regard to " the Merchants and Miners' Transportation Company," there cannot arise a doubt that the case made against it is a case within the rule, and weaker than either of those.    It is a corporation of Maryland, with an agency in Savannah; and the only allegation against it, in respect to the accident or incident of the death, is that it had employed and paid the stevedore to load the ship, and that the gangway used in loading the ship was its property and furnished to the stevedore for that use; and that it failed to provide proper guards and side-skids to the gang-plank to prevent deceased from falling therefrom;—the declaration then alleging "that deceased was standing on the gang-plank under the direction and by the order of the stevedore or his agents, and was attempting to ease down over said gang-plank into said steamship the said barrels of resin, which said barrels of resin the said Dixon (the stevedore) or his agents, with the grossest negligence, and without regard to the dangerous position of the said deceased, caused to be rolled down the said gang-plank in such great numbers and rapid succession that the skill and strength of the said deceased were totally insufficient to manage the same," the result of which was his being drowned in the river " by the gross negligence and criminal conduct of the said defendants."

It will thus be seen that all which was done by the company was to employ and pay the contractor, or stevedore, to use the technical name, to do the job of loading the ship, and to furnish for the ship's use on such occasions a gang-plank, which, in consequence of the manner in which the job was done, the numbers and rapidity with which the barrels of resin were rolled upon deceased, proved inadequate for that special occasion.    If the manner of rolling down the barrels had not been so rapid, it is not alleged that the unhappy incident would have followed; indeed,

the inference is clear from the whole declaration that it would not.

Surely it cannot be contended that the mere employment of the stevedore to do the job made the company liable. Such a man, we understand to be, "one whose occupation is to load and unload vessels in port," (Webster's Dictionary),—in other words, a contractor or jobber for special business, ready to be employed by anybody on his line. Can it be possible that his bad conduct in doing the job can make the employer criminally liable? Indeed, the case made is stronger. It is not alleged that the stevedore caused the rapid rolling, etc., but the averment is that he or his agents did it. Is the employer to be responsible not only for his employé, the contractor under him, but for all the under-employés, agents and servants, the deceased being one of them? Surely the doctrine, "*respondeat superior*," does not extend that far. It cannot most assuredly in a transaction involving criminal neglect.

It is thus seen that there is no shadow of cause of action in this case against the company; none in furnishing the plank, because, if properly used, it might have done well, according to the whole scope of the declaration; and none in the employment of the stevedore, because he was a contractor with his own servants, the deceased being one, and neither the company at Baltimore, nor its Savannah agent having aught to do with those servants.

2. In regard to the stevedore, the problem is more difficult of solution.

If a clear declaration were before us that by his orders and direction these barrels were precipitated so rapidly upon deceased as to cause his death, then this gross negligence or disregard of life, on the part of the employer in so ordering the fellow servants of the deceased, would amount to criminal negligence and take the case without the rule in *Daly vs. Stoddard*, and *McDonald vs. Eagle and Phenix Co.;* but there is no distinct allegation that he did it himself, or ordered others so to precipitate

the barrels.   The allegation is that he or his agents caused it to be done.   So that for aught that the declaration shows, it may have been a fellow servant of deceased who caused the whole disaster, and without the assent or connivance, much less the order and command of the superior; and if so, " *respondeat superior* " does not apply, and the steve- dore would not be liable.   Construing the pleadings most strongly against the pleader, we cannot say that the court erred in dismissing the action as to him also.

The fact is, that from the manner in which the pleader mixes the company at Baltimore with the stevedore in Savannah, it is rather difficult to strike the name of the company, and leave the stevedore in, with any sense left in the declaration.   We presume, the real action was in- tended to be against the corporation, and the stevedore was joined as a sort of servant, but the money power was the main object of attack, and if that be gone, the plaintiff cares little for what is left.

At all events, no motion to amend in the court below having been made, so as to perfect the declaration against the stevedore, and no effort of any sort having been made to retain the action, either there or here, before us, against him alone, on leave to amend or other directions, we give the case the direction which strict pleading and strict law demands, and affirm the judgment.

Judgment affirmed.