Archie Haney et al., Appellees, v. Northwest Cartage
Service Corporation et al., Defendants.
Appeal of Northwest Cartage Service Corporation et
al., Appellants.

Gen. Nos. 44,505, 44,510.

Opinion filed
December 13, 1948.   Released for publication December 27, 1948.

ECKERT & PETERSON, of Chicago, for appellant;
A. R. PETERSON, HAROLD W. HUFF and WALTER P.
STEFFEN, all of Chicago, of counsel.

ROBERT D. THOMPSON, RICHARD KEOGH and ANGER-
STEIN & ANGERSTEIN, all of Chicago, for separate ap-
pellant; B. F. MARTIN, THOMAS C. ANGERSTEIN,
GEORGE W. ANGERSTEIN and CHARLES WOLFF, all of
Chicago, of counsel.

N. M. AUSTIN, HENRY MITGANG and C. JEROME
BISHOP, all of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the
court.

Plaintiffs obtained judgments totaling $3,800 on a trial before the court without a jury against Motor Express, Inc. (hereafter called the express company), Northwest Cartage Service Corporation (hereafter called the cartage company), and Phillip Hopkins for injuries sustained in a collision between the automobile in which plaintiffs were riding and an auto-truck unit consisting of a tractor, owned by the cartage company, and a trailer owned by the express company. The driver of the truck, Hopkins, did not appeal. The separate appeals of the express and cartage companies were consolidated for hearing. Negligence in the operation of the truck is not disputed and no objection is made to the amounts awarded the respective plaintiffs.

The express company contends that at the time of the collision Hopkins was the servant of the cartage company, an independent contractor engaged in hauling merchandise for the express company. The cartage company contends that at the time of the collision its servant Hopkins was a special employee of the express company and that the latter company and not the cartage company is liable for his negligence. Plaintiffs contend that the judgment of the trial court "amounted to a finding that the defendant Phillip Hopkins was acting as the servant and agent of both corporate defendants and that Hopkins became liable for the occurrence while he was in the performance of work and duties on behalf of both the Northwest Cartage Service Corporation, a corporation, and Motor Express, Inc., a corporation."

There is no conflict in the evidence. At the time of the collision Hopkins had been in the employ of the cartage company about four months. This company paid his salary and social security and had the right to discharge him. During Hopkins' employment there was an arrangement between the corporate defendants whereby, for a fixed hourly charge, the cartage com-

pany furnished the express company with tractors and drivers to haul, deliver and collect merchandise for the latter company in its own trailers. On the day in question Hopkins went to the Erie railroad freight house where he received from the express company's dispatchers freight bills covering merchandise which had been loaded into a trailer owned by the express company. Hopkins attached the trailer to his tractor and delivered the merchandise to the consignees for whom it was intended. He then called the dispatcher to inquire if there was further work for him and was told to take the trailer to a certain address where he should pick up another trailer and bring it to the Erie freight house. While on the way to the freight house with the second trailer the collision occurred. Oil and gasoline for the tractor were supplied by the cartage company, which was responsible for the repair and maintenance of the tractors, and when accidents occurred in making deliveries for the express company the drivers immediately communicated with the cartage company. Freight collected by the drivers was turned over to the cartage company, which at stated intervals rendered bills to the express company showing the charge for services at the hourly rate and giving credit for freight collected. There is no evidence that the express company at any time directed or controlled the driver of the tractor in his operation of it.

The situation presented is not unlike those in the cases of *Densby v. Bartlett,* 318 Ill. 616, and *Foster v. Wadsworth-Howland Co.,* 168 Ill. 514, relied upon by the express company. In the *Bartlett* case it appeared that Bartlett, a real estate developer, employed one Saracino, who was engaged in transporting persons for hire, to transport customers to and from Bartlett's subdivisions. The plaintiff, Densby, a customer of Bartlett, had gone to the subdivision to adjust some differences arising out of a purchase contract with Bartlett. He was injured when returning home in one

of the Saracino automobiles. In holding that Bartlett was not liable for the negligence of the driver and that the latter was not the servant of Bartlett, the court said (p. 622):

"There can be no question the driver of the car when appellee was injured was performing the service he was employed to perform by the general employer. Saracino was engaged in the business of performing special service for others, and while driving the car in the special service for appellant the driver was engaged in the business he was employed by Saracino to do."

Plaintiffs cite no cases in support of their proposition that the driver at the time of the collision was the servant and agent of both corporate defendants, and we are unable to find any cases supporting this position. The cases heretofore cited and *King v. New York Cent. & H. R. R. Co.*, 66 N. Y. 181; *Halkias v. Wilkoff Co.*, 141 Ohio St. 139; *Hayes v. Board of Trustees of Elon College*, 224 N. C. 11, and *Rankin v. Merchants & Miners' Transp. Co.*, 73 Ga. 229, are against it.

The judgment against the cartage company is affirmed and that against the express company is reversed.

*Affirmed as to Cartage Company reversed as to Express Company.*

FEINBERG, P. J., and TUOHY, J., concur.