CONTINENTAL CASUALTY COMPA-
NY, a Corporation, Plaintiff,

v.

AMERICAN FIDELITY & CASUALTY
COMPANY, a Corporation,
Defendant.

Civ. A. No. P–1715.

United States District Court
S. D. Illinois, N. D.

Feb. 7, 1958.

**312**

Cassidy & Cassidy, Peoria, Ill., for plaintiff.

Heyl, Royster & Voelker, Peoria, Ill., for defendant.

MERCER, District Judge.

The complaint herein alleges that plaintiff and defendant are corporations organized and existing under the laws of different States and the amount in controversy is in excess of $3,000, exclusive of interest and costs.

Prior to April 8, 1952, defendant issued a certain policy of insurance, the insured being T. A. Kirchner of Lohman, Missouri. The policy of insurance was in full force and effect on April 8, 1952, is marked Exhibit A and made a part of the complaint. Prior to April 8, 1952, plaintiff had issued a certain policy of insurance, the insured being Southwest Freight Lines, Inc. (hereinafter referred to as Southwest), said policy being in full force and effect on April 8, 1952, said policy being marked Exhibit B, and made a part of the complaint.

On April 8, 1952, a 1949 International Tractor and 1949 Fruehauf Semi-Trailer described in Exhibit A, were involved in a collision with an automobile on a public highway in Fulton County, Illinois, commonly known as U. S. Route 136 and U. S. Route 24. At the time of the accident the said tractor and semi-trailer was being driven by one Carl Page and the complaint alleges that at the time of the collision Page was driving said tractor and semi-trailer with the permission of T. A. Kirchner named as insured in Exhibit A; that at the time of said collision Page was hauling merchandise in said semi-trailer in the course of the business of Southwest; that at the time of said accident Southwest was using the 1949 International Tractor and 1949 Fruehauf Semi-Trailer with the permission of Kirchner named as insured in Exhibit A. The driver of the automobile which collided with the tractor and semi-trailer was Frank L. Moon. That on April 2, 1954, Moon filed a suit in the Circuit Court of Fulton County, Illinois, against Krichner, Page and Southwest. That at the time of said collision Lawson G. Shryack and Leslie Cameron were riding in the automobile driven by Moon and on April 2, Shryack and Cameron each filed a suit in the Circuit Court of Fulton County, Illinois, against Kirchner, Page and Southwest. In the Fulton County suits, Moon, Shryack and Cameron allege that while each of them were in the exercise of due care for their own safety the defendant Southwest acting through its agents and servants, the defendants, Kirchner and Page, negligently drove, operated, managed and controlled said tractor and semi-trailer, thereby directly and proximately causing the collision with the automobile. Each of said suits prayed for damages in the sum of $50,000. After the suits were filed the defendant company was requested to defend said suits but refused to do so, stating that its said policy provided no coverage to said defendants on account of said accident. Thereafter plaintiff defended said actions, at all times claiming that it was the duty of defendant under its policy to provide the primary coverage to the defendants in the Fulton County suits to the extent of the limits in said policy of defendant and alleged that the insurance provided said defendants in the Fulton County suits by plaintiff was only excess insurance over and above the amount of the limits provided in said policy of defendant. Thereafter each of said suits were tried in the Circuit Court of Fulton County, Illinois and on March 17, 1955, judgments were entered against said defendants and in favor of each plaintiff in the following amounts: Moon, $10,050; Shryack, $7,500; and Cameron, $3,500. On the same day the plaintiff paid to the respective defendants the respective amounts set forth and the judgments were recorded as satisfied on the records of the Circuit Court of Fulton County, Illinois.

The complaint further alleges that by virtue of its said policy of insurance it was the duty of defendant to defend said three suits and to pay the judgment which plaintiff paid and plaintiff prays for judgment against the defendant in the sum of $35,000, including the amount of judgments paid and for attor-

ney fees for plaintiff's attorney, together with interest. The defendant has filed an Answer denying the material allegations of the complaint and defends the action upon the principal grounds that Page, the driver, did not have permission from Kirchner to drive the Kirchner truck and trailer; that Page was an employee of Southwest and was a loaned employee pursuant to a certain lease entered into between Kirchner and Southwest. Defendant also contends that plaintiff's policy includes a hired automobile under the conditions set forth in plaintiff's policy. The defendant also contends that plaintiff was a volunteer in defending the suits and in the payment of the judgments. Defendant also relies upon the provisions of the lease wherein it is contended that Southwest was obliged to carry public liability, property damage and cargo insurance and also provided that Southwest contracted to exercise due care and caution.

This matter arises upon a motion for summary judgment by both parties. The lease between the lessor, T. A. Kirchner, and the lessee, Southwest Freight Lines, Inc., is attached to the motion of defendant. This lease discloses that the lessor, Kirchner, is the owner of the vehicles described in the complaint, being the vehicles involved in the accident. The lease further discloses that it was a single trip lease starting at Saint Louis, Missouri, on April 7, 1952 and unloading at consignee in Davenport, Iowa, not later than April 8, 1952. Paragraph 4 of the lease provides as follows: "It is understood by the parties that the lessee shall procure in its name P. L. and P. D. and Cargo insurance as may be required by the law and this insurance shall expire at the time of final delivery of the load covered by this lease." Paragraph 5 provides as follows: "It is further understood by the parties that the lessee shall exercise absolute control of the vehicle subject thereto and shall exercise due care in the use of said vehicle and shall at the expiration of the term of this lease yield said vehicle to the lessor without further notice. This lease will terminate when lessor has completed delivery of load covered by this lease."

The principal question presented is whether Southwest or Kirchner or both are responsible for plaintiffs' injuries and whether Southwest, Kirchner or both should pay the judgment rendered in the Fulton County Court. Kirchner contends that under the terms of a written trip lease agreement leasing the truck, Southwest was in control and had direction of the vehicle at the time of the accident and is consequently responsible. Southwest contends that Page was not its agent since he was in the general employment of Kirchner and that Kirchner is therefore responsible. The trip lease was for a single trip and Kirchner was not exclusively a hauler for Southwest. Kirchner as owner of the truck and employer of the driver necessarily had a master control over the truck at the time of the accident. Kirchner was responsible under the lease for the maintenance of the truck. There is no indication that Southwest had any right to tell Page how to drive the truck but only where to drive it and Southwest had no right to discharge Page. In hauling the freight for Southwest Page was doing the work for which Kirchner employed him; he was paid by Kirchner and he could be discharged by Kirchner and therefore Page was under Kirchner's control. A singular circumstance and one which is persuasive to the Court is the fact that Kirchner was physically present in the truck driven by Page who was driving at the request of Kirchner. Immediately prior to the collision Page was attempting to turn this tractor-trailer around on the highway so as to go back the same direction from which he had come. Kirchner got out of the tractor-trailer and was outside with a flashlight in his hand directing Page on how to turn around. The automobile operated by Moon came along this highway and struck the tractor-trailer before it had been turned around and while Kirchner was outside the truck as above set forth. It appears to the Court that this circumstance is conclusive upon the question of

control by Kirchner. It further appears that the only control exercised by Southwest was that of engaging Kirchner to deliver the cargo to the Iowa destination and Southwest had no control over the means of accomplishing this result.

It is true that the lease provided that the lessee should exercise absolute control of the vehicle and that the lessor should exercise due care in the use of said vehicle, however, nothing was done by lessee to carry out this particular provision of the lease and it is my opinion that since Kirchner placed himself in the position of absolute control that Kirchner would be bound to fulfill all of the duties required of him in the matter of control and in the matter of due care and caution. It is also the Court's opinion in reference to the provision of lessee's duty to procure P. L., P. D. and Cargo insurance, that this provision would not be exculsive on the matter of insurance and that Kirchner, placing himself in the position which he did, brought himself into the category of an insured under the policy issued by the defendant company. It is therefore the opinion of the Court that the provisions of the lease are not sufficient to excuse Kirchner because of the circumstances existing at the time of the accident.

Under the circumstances Kirchner was an independent contractor. Dean v. Ketter, 328 Ill.App. 206, 65 N.E.2d 572; Haney v. Northwest Cartage Service Corp., 336 Ill.App. 97, 82 N.E.2d 826; Densby v. Bartlett, 318 Ill. 616, 149 N.E. 591, 42 A.L.R. 1406; Postal Telegraph Sales Corp. v. Industrial Commission, 377 Ill. 523, 37 N.E.2d 175. See also Ill.Law & Prac., Vol. 4, Page 352, Sec. 164.

■ Southwest had a permit to carry goods in Interstate Commerce and without it the trip in question could not have been lawfully made. Southwest cannot escape its responsibility to the public by hiring an independent carrier to haul under Southwest's permit from the Commerce Commission. Venuto v. Robinson, 3 Cir., 118 F.2d 679; Hodges v. Johnson, D.C., 52 F.Supp. 488.

■ In restatement of the law of torts, page 1149, Sec. 428, the rule is stated as follows: "An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity." As was stated in the Venuto case, truck travel upon the highways is attendant with very considerable risk and comes within the meaning of the rule. The rule announced is also supported by Illinois cases. Boyd v. Chicago, Northwestern Railway Co., 217 Ill. 332, 75 N.E. 496; Orange v. Pitcairn, 280 Ill.App. 566, at page 572. Under Illinois law Kirchner is responsible for the negligence of his servant Page. Densby v. Bartlett, 318 Ill. 616, 149 N.E. 591, 42 A.L.R. 1406; Haney v. Northwest Cartage Service Corp., 336 Ill.App. 97, 82 N.E.2d 826.

It is true that a servant in the general service of one may be transferred for a specific service under the control of another so as to become the latter's servant for that specific work; this was the situation in MacNeal, Inc., v. Timber Structures, Inc., 6 Ill.App.2d 323, 127 N.E. 2d 504. In this case it was held that since the lessee of equipment could have hired either man recommended by the lessor, or others as the lessee chose, and since the lessee's foreman and superintendent directed the work, the crew, though in the general employ of the lessor, was under the direction and control of the lessee. I distinguish the MacNeal case on the basis that in the present case Southwest had no such control of Page nor could it select its own driver. The facts in the instant case also distinguish it from cases like Gassaway v. Barry, D.C., 123 F.Supp. 670, and Kemp v. Creston Transfer Co., D.C., 70 F.Supp. 521. In the quoted cases the lease itself expressly provided that the lessee shall have complete possession, control and domination of the equipment and there

were additional facts which negatived the idea that the lessor was an independent contractor. In my opinion there are no facts in the instant case that negative the idea that lessor was an independent contractor; as a matter of fact, all of the facts emphasize the idea that Kirchner was an independent contractor. In Haney v. Northwest Cartage Service Corp., 336 Ill.App. 97, 82 N.E.2d 826, under similar circumstances, the Court allowed judgment to be obtained only against the owner of the truck. In that case there was no interstate commerce involved in the matter and the owner could have done the hauling lawfully without the cooperation of the lessee. In holding Southwest liable it is purely upon the basis that Southwest was the owner of the I.C.C. permit and the Court holds Kirchner liable on the basis that Page was his employee and that Kirchner was in control of the tractor-trailer.

■ The defendant claims that the plaintiff in defending the lawsuit and paying the judgment was a volunteer and as such is not entitled to recover in this action. In 92 C.J.S. p. 1032 it is said: "It has been said that no definition of a volunteer can be given without qualification, since each case must be decided on its own merits. In a general sense a 'volunteer' is one who does or undertakes to do that which he is not legally or morally bound to do, and which is not in pursuance or protection of any interest; one who intrudes himself into matters which do not concern him. The word is more particularly defined as meaning one who enters into service of his own free will; one who gives his service without any express or implied promise of remuneration; one who has no interest in the work, but nevertheless undertakes to assist therein; one who merely offers his service on his own free will, as opposed to one who is conscripted. Under those definitions a person who, although not obliged to do an act, yet has an interest in doing it, is not necessarily a volunteer." It does not appear to me that the plaintiff was a volunteer. The plaintiff corporation was legally and morally bound to do what it did; the action of the plaintiff was in pursuance and protection of an interest and certainly involved a matter which vitally concerned the plaintiff company. This finding is supported by the following cases: Voltz v. National Bank of Illinois, 158 Ill. 532, 42 N.E. 69, 30 L.R.A. 155; Lambert v. Paul W. Senne Funeral Home, Inc., 343 Ill.App. 136, 98 N.E.2d 519; Reliance Agency Corp. v. Roberts Insurance Co., 260 Ill.App. 304.

■■ In view of the foregoing, the Court finds that the liability when established by the Fulton County judgment was the liability of both the plaintiff and the defendant and the liability is an equal one. It is the further opinion that the defendant company was under a legal duty to participate in the defense and in the payment of the judgment rendered. Having acted upon a false premise the defendant company cannot be excused from a clear legal duty embraced in the policy issued by the defendant company. The insurance protection involved here with both Companies was primary coverage and in the opinion of the Court a question of excess coverage need not be considered. The motion of the plaintiff for summary judgment is hereby allowed and the motion of defendant for summary judgment is hereby denied. Judgment is hereby awarded in favor of the plaintiff, Continental Casualty Company, against the defendant, American Fidelity & Casualty Company, said judgment being in the amount of $10,525, together with interest on said amount at the rate of 5% per annum from March 17, 1955, to the date of said judgment, and with its costs expended in this proceeding. Attorney fees in the amount of $2,377.90 are not included in the judgment for the reason that said attorney fees were rendered to plaintiff in a legal proceeding that plaintiff was under a duty to defend irrespective of any position taken by the defendant in its refusal to participate in the Fulton County proceedings.