THE BURLINGTON INSURANCE COMPANY v. ALEXANDER McLEOD.

CHANGE OF VENUE — *Refusal, Error.* It is error for a trial court not to grant an application for a change of the place of trial of a cause, in which on a former trial, the presiding judge had been a material witness for one of the parties to the action.

*Error from Marshall District Court.*

THE opinion contains a sufficient statement of the case. Judgment for the plaintiff *McLeod,* at the December term, 1886. The defendant *Company* brings the case to this court.

*Lowe & Smith,* for plaintiff in error.

*Calderhead & Patterson,* for defendant in error.

Opinion by SIMPSON, C.: This is the second time that this case has appeared in this court. On its first appearance in 34 Kas. 189, (which see for statement of facts,) it was decided that "what are reasonable expenses incurred by the company in taking a risk, is a question of fact for the jury, and not a question of law for the court." "And if any of such reasonable expenses are included in the 'short rates' they are not, in addition to the 'short rates,' to be retained by the company as expenses." On the second trial the question was submitted to the jury, and they found specifically in answer to the seventh particular question submitted, that the words "short rates" in the policies of insurance issued by the company to the defendant in error, include all expenses incurred by the company in taking the risk. Of course this finding is the exasperating fact in the case, and is the real point of attack in this proceeding in error. In support of these proceedings in error it is contended:

I. That the trial court erred in overruling the application of the company for a change of venue, based on the fact that the judge had been a witness on a former trial of this cause, and had sworn that the words "short rates and all expenses,"

when used in an insurance policy, did not mean anything more than is expressed in the words "short rates," or to express it affirmatively, that the words "short rates," as used in an insurance policy, include all expenses incurred by the company in taking the risk. It is said that the fact that the judge was a witness on the first trial, and that he gave evidence at that trial on a fact about which there was much controversy on the second trial, at which he presided, renders him disqualified to sit on the second trial, under § 56, civil code. The fact that the presiding judge at the second trial had testified as a witness on the first trial about one of the most material and most stubbornly contested issues of fact, distinguishes this case from that of *Gray v. Crockett*, 35 Kas. 71, and the authorities therein cited, and presents a different phase of the question; and yet, much that is said in the reported case bears strongly on this. It is said in the case of *Gray v. Crockett*, that "It is now well settled that the same person cannot be both witness and judge in a cause," and from this is deduced the rule, that where a judge is a material and necessary witness in a case, he is disqualified to sit. This language is used with reference to an order made by the district court of Wyandotte county, directing the trial of a cause pending in that court to be had in the district court of Douglas county, on an application, supported by an affidavit that the judge of the district court of Wyandotte county was a material witness on the trial for one of the parties to the action. The order changing the place of trial was affirmed, principally upon the ground that the judge who made the order had personal knowledge as to whether or not he was a material witness, and his order would naturally imply that he had. In that case, the affidavit of one of the parties, and the implication from the order of the judge, were sufficient to establish the disqualification, and justify the order changing the place of trial. Here the fact is established directly and positively, that on a former trial of the case the judge was an important and material witness, and gave evidence as to one of the controlling issues. We think the facts in this case present a better established and more satisfactory

basis for an application of the rule that "the same person cannot be both witness and judge in a cause," than the reported case. We are disposed to adhere inflexibly to the letter and spirit of the rule, and inexorably apply it whenever called upon, because we conceive it to be in the interests of justice, of fair and impartial trials, and a removal from all temptation. Our ruling in this respect, however, is not to be construed as any reflection on the able and upright judge who tried the case. He undoubtedly felt that he could be impartial as to the parties in the action, and hold the scales of justice evenly balanced between them; but the safer course, the better way, is to remove trial judges from all temptation, and relieve them from all suspicion or criticism, by adopting and enforcing an unyielding rule in the state, that he who has been, or is to be, a material witness in a cause, cannot preside at the trial thereof. The refusal of the court to change the place of trial for the reason shown on the application, is one of that class of errors for which the case must be reversed; and as it has been here once before, and will probably come once again, we shall notice all the other assignments of error.

II. It is contended that the court erred in permitting the witnesses Broughten, Koester, Berry and Fulton to testify as to the custom of the insurance companies they represent as agents, in the cancellation of policies, and as to the meaning of the words "short rates," as used in policies, and as to whether the words "short rates" include all the expenses of taking the risk. They had acted for years, some longer than others, as local agents for various insurance companies, largely in taking what is called commercial or town-property risks, to a limited extent in writing farm risks. It seems to us that they were qualified to testify on these subjects, and that the court did not err in permitting them to do so. The weight to be given evidence of this character is left to the jury, but they ought to be governed by those general considerations that control the courts. The length of time a witness is engaged in the business, the amount of business transacted, and the thousand-and-one things that tend to impress those

who listen to the evidence, as to the character, fairness and ability of the witness, determine for themselves in the mind of an impartial juror the weight to be given the evidence. These same influences operate on the mind of the trial judge when he is called upon to weigh the evidence and review it on a motion for a new trial. These remarks upon the theory that the witnesses mentioned expressed opinions, but the better view of the evidence is probably (when it is fairly considered,) that they testified to the fact that the companies represented by them only retained the amount specified in the tables as short rates, when they canceled policies on the application of the assured, and that these short rates included all expenses in taking the risk. A statement of this character from the local agents of quite a large number of insurance companies doing business in this state, tends to prove one of the affirmative issues in the case as defined by this court in its former decision; that is, whether the expenses in taking the risk, or a portion of them, is included in the item designated as "short rates," and for this purpose it was certainly admissible. The difficulty in the minds of counsel for plaintiff in error is, that notwithstanding the declaration of this court, they still insist that "short rates and all expenses incurred in taking the risk," necessarily means a sum in addition to that shown by the tables to be short rates, and with that view they discuss and determine the question of the admissibility of this evidence.

III. The three instructions complained of were all properly refused; they sought to have the court instruct the jury that before the plaintiff could recover he must not only have paid the short rates, but in addition, all the expenses incurred by the defendant in taking the risk; when the question that the jury were to try and determine by the decision of this court was, whether these expenses were included in the short rates or not. In no possible view ought these instructions to have been given.

For the error in the ruling of the court refusing to change

·the place of trial, the cause is reversed, and remanded with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.