## STEINAU *v.* MOODY & BREWSTER.

Upon a promissory note due otherwise than at sight or on de-
mand, and payable at a chartered bank in this State, the maker
is entitled to three days of grace, and a waiver of demand, pro-
test and notice of non-payment is not a waiver of the right to
days of grace. An alteration in such a note made by the hold-
er, with intent to defraud the maker, which consisted in insert-
ing in the note the word "fixed," the legal significance of which
was to render the note payable absolutely upon the day named
therein, thus excluding the three days of grace, is a material
alteration which changes the obligation of the maker, and in
a suit upon such a note a plea alleging such facts was improp-
erly stricken on demurrer.

Argued January 6,—Decided January 21, 1897.

Complaint on note. Before Judge Reid. City court of
Atlanta. March term, 1896.

Moody & Brewster sued Steinau as maker and West-
moreland and Goldsmith as endorsers, October 16, 1894,
upon a promissory note for $100 principal, dated July 25,
1894, payable at bank, and due "sixty days fixed after
date." Defendants pleaded: (1) Denying that they are
due plaintiffs $100 besides interest. (2) It is true that
Steinau executed a note for $100, but untrue that the same
contained the word "fixed" at the time it was signed or en-
dorsed; and defendants believe that said word was written
in the note by plaintiffs or by their authority, after it was
endorsed. They plead non est factum, and say that the
writing of the word "fixed" is such a material alteration of
the note that the plaintiffs ought not to recover upon it. By
amendment they pleaded, that said alteration by adding
the word "fixed" was done with intent to defraud defend-
ants.

At the trial one of the plaintiffs testified, that he knew
the handwriting of defendants; that Steinau made the note
and Westmoreland and Goldsmith endorsed it; and that the
effect of the word "fixed," when incorporated in a note in

connection with the time of payment, is to make the note fall due upon the date named, without grace. The note also was in evidence. The court inquired of counsel how the insertion of the word "fixed," as set up by defendants' plea, could affect the note. After argument the court struck the plea and amended plea, not permitting defendants to introduce any testimony in support thereof. This ruling is assigned as error.

Bishop, Andrews & Hill, for plaintiffs in error.
King & Anderson and Robert Zahner, contra.

Atkinson, Justice.

The note sued upon was payable at a bank. Civil Code, §3688 embraces two distinct features of legislation. It undertakes to enumerate the instances in which an endorser upon a promissory note is entitled to notice of protest and of non-payment at maturity, and likewise to classify the commercial papers upon which days of grace shall be allowed. It provides that protest shall not be necessary except in the following instances: 1st, when a paper is made payable on its face at a bank or banker's office; 2d, when it is discounted at a bank or banker's office; 3d, when it is left at a bank or banker's office for collection; and then proceeds to declare that in all such cases days of grace shall be allowed. The words "all such cases" are not to be limited in their significance to those cases in which protest for non-payment is actually necessary, but they are to be taken as enumerating the classes of commercial papers upon which days of grace are allowed, and as well upon which protest, in the absence of a waiver thereof, is required. Days of grace have ceased to be days of mere favor. They are now, by express legislation, days of right; and that it was the intent of the Georgia legislature to extend this right to the three classes of papers above enumerated seems to us to be manifest when we read §3680 of the Civil Code, which undertakes to designate the class of commercial pa-

per upon which days of grace are not allowed. The section of the code first above referred to, it will be seen, designates the particular classes of paper upon which days of grace are allowed, and the section last above referred to designates in a general way the class of paper upon which days of grace are not allowed, and provides: "The three days generally known as 'days of grace,' and by custom allowed on papers payable at banks or brokers' offices, shall not be allowed upon any bill or draft payable at sight." §3680 recognizes the binding force of the custom which theretofore grew up and had become a part of the law merchant, but limited its application to papers other than those drawn at sight. This act was passed in 1850. Some doubt having arisen as to the class of papers upon which days of grace were allowable, it having been ruled by this court that days of grace were not allowable upon papers payable at places other than chartered banks (see *Dalton City Company* v. *Haddock,* 54 *Ga.* 584, and *Banks* v. *Besser,* 56 *Ga.* 201), afterwards (see Acts 1876, p. 18) the legislature passed an act, the provisions of which were incorporated in §3688 of the code, and which expressly allowed, in favor of the class of papers therein enumerated, three days of grace. This right, as we have said, exists by statute, independently of any necessity for the protest of a paper; and therefore a waiver of protest does not amount in law to a waiver of the days of grace allowed by statute. While grace, protest and notice of non-payment, as was remarked by Justice Bleckley in the case first above cited, "are members of the same commercial family," they are not so intimately connected that they cannot be dissociated, and a person may well waive the one without abandoning at the same time his right to the other.

The word "fixed" introduced into a commercial paper seems to have a well ascertained legal significance. It means that the paper in which it is written shall be payable upon the exact date named for its maturity, and its insertion by the maker is the legal equivalent of a waiver of his

days of grace. Aside from this, however, the plea alleged and the evidence showed the significance of this term according to its general acceptation among persons engaged in commercial transactions. This being true, the insertion of the word "fixed" in the note by the holder after its execution by the maker had the effect to change the nature of the obligation of the latter, and to cause his paper to mature three days earlier than it would otherwise have done. It was a material alteration of the contract of the maker, engrafted upon it a new obligation; and therefore, he having pleaded and proved the alteration, the court erred in striking his plea and excluding the evidence.

*Judgment reversed. All the Justices concurring.*