*John R. Wilson,* contra.

---

### 3354.  BRIDGES v. PHILLIPS.

RUSSELL, J.  1. The court erred in granting a nonsuit, for it was at least issuable whether the plaintiff paid the note for the principal debtor, or bought it and held it as a bona fide purchaser. The phrase "take up the note" does not any more strongly imply that the debt evidenced by the note is to be finally discharged than that the person "taking up" the note will assume the place of the original payee or holder, with the privilege in that event of being subrogated to all pre-existent rights of the former holder.

2. The defendant was not entitled to notice of non-payment or of protest. So far as appears from the papers sued upon, the note was not made for the purpose of negotiation nor intended to be negotiated at a chartered bank, and it is evident, from the form of the transfer or assignment of the note, that the indorser was not an accommodation indorser, but that he sold the note to the bank, and stood, so far as it was concerned, in the position of the original maker.

*Judgment reversed.*

DECIDED JANUARY 15, 1912.

Complaint; from city court of Miller county—Judge Bush. March 13, 1911.

R. L. Z. Bridges sued D. Phillips, as indorser, on a note made by George Owens, payable to Phillips, and indorsed as follows: "For value received I transfer and assign to Bainbridge State Bank the within note and mortgage, with full recourse on me. Dec. 13th, 1905. [Signed] D. Phillips." "For value received we transfer the within note and mortgage to R. L. Z. Bridges, without recourse on us. March 5th, 1906. [Signed] Bainbridge State Bank, by E. J. Perry, Cashier." The note was dated December 13, 1905, and was payable one month after date, and certain personal property was mortgaged to secure its payment. The suit was filed in 1910. The defendant pleaded payment; also that the plaintiff had taken possession of the mortgaged property; and that the plaintiff had failed to make timely demand upon him for payment,

and had failed to use due diligence to collect the debt. At the trial the plaintiff testified, that " he took up the note at the Bainbridge State Bank, at the request of George Owens, the maker, who lived on his place at the time; that D. Phillips and George Owens some time afterward came to him and D. Phillips requested that he delay the matter of foreclosing on the mortgage, and [said] that he would arrange to pay all . . George Owens owed him; that he delayed foreclosing the mortgage and suing the note for that reason; that the Bainbridge State Bank did a banking business;" and that he had never received any of the property set out in the mortgage. A nonsuit was granted, on motion of the defendant, at the conclusion of the plaintiff's evidence; and the plaintiff excepted.

*Russell & Custer, Bush & Stapleton, W. O. Fleming,* for plaintiff.
*P. D. Rich,* for defendant.