NATIONAL PUBLICITY SOCIETY *vs.* J. WESLEY RAYE.

Washington.   Opinion August 7, 1916.

*Judge of Municipal Court acting as attorney in cases over which his Court*
*has jurisdiction.   Jurisdiction of Municipal Court.*

Under section 4 of chapter 219, Private and Special Laws of 1903,
the Eastport Municipal Court is given "original jurisdiction, concur-
rent with the Supreme Judicial Court, of all civil actions in which the debt
or damage demanded, exclusive of costs, does not exceed one hundred
dollars;" section 1 provides that the judge "shall not act as attorney or
counsel in any action, matter or thing within the jurisdiction of said court."
In an action of assumpsit, brought in the Supreme Judicial Court to recover
the sum of $60.82, the ad damnum stated in the writ was $125.   The de-
fendant filed a plea in abatement, alleging that the attorney who instituted
the suit and brought and entered the writ was, at the time, the Judge of
the Eastport Municipal Court.   A demurrer to this plea was filed by the
plaintiff, but was overruled by the presiding Justice, and the writ was
ordered to be quashed.   Upon plaintiff's exceptions to this ruling,
*Held:*
1. That this action was within the concurrent jurisdiction of the Eastport
Municipal Court and the Supreme Judicial Court.
2. That the Judge of the Municipal Court was therefore expressly pro-
hibited from bringing and maintaining the action.
3. That the writ was properly abated.

Action of assumpsit, to which action defendant filed plea in
abatement, to which plea plaintiff demurred generally.   Issue was
joined on the demurrer.   After hearing, the presiding Justice over-
ruled demurrer and plaintiff filed exceptions to ruling.   Exceptions
overruled.

Case stated in opinion.

*E. W. Pike, and C. B. & E. C. Donworth,* for plaintiff.
*J. H. Gray, and E. B. Jonah,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, MADIGAN, JJ.

CORNISH, J.  This is an action of assumpsit brought to recover the sum of sixty dollars and eighty-two cents on an account annexed.  The ad damnum is one hundred and twenty-five dollars.  The plaintiff is a New York corporation, and the defendant a resident of Eastport.  The writ was entered at the October Term, 1915, of the supreme judicial court for Washington county, at which term the defendant seasonably filed a plea in abatement alleging that the attorney who instituted the suit and brought and entered the writ was at the time the Judge of the Eastport municipal court, and was prohibited by the statute creating that court from acting as attorney or counsel in any action, matter or thing within its jurisdiction.  To this plea the plaintiff demurred.  Upon hearing, the demurrer was overruled, the plea in abatement was adjudged good and the writ was ordered to be quashed.  The case is before this court on plaintiff's exceptions to this ruling of the presiding Justice.

Three questions present themselves.

First, was this action within the jurisdiction of the Eastport municipal court?

Second, was the Judge of that court prohibited from bringing and maintaining it?

Third, if so, should the action itself have been abated?

On the first point we hold that the action was within the jurisdiction of the Eastport municipal court.  This court was established by chapter 219 of the Private and Special Laws of 1903, and under section 3 is given "exclusive original jurisdiction of all civil actions in which the debt or damage demanded do not exceed twenty dollars, and both parties, or one of the parties, or a person summoned in good faith and on probable grounds as trustee, reside in said city of Eastport," etc.  The phrase "debt or damage demanded" used in this connection is determined in all actions sounding in damages, as in assumpsit and tort, by the ad damnum in the writ, and not by computing the amount due on the specific claim or account annexed as set forth in the declaration.  *Estes* v. *White,* 61 Maine, *22; Cole* v. *Hayes,* 78 Maine, 539; *Spaulding* v. *Yeaton,* 82 Maine, 92; *Smith* v. *Hunt,* 91 Maine, 572.

Under section 4, the Eastport municipal court is given original jurisdiction, concurrent with the supreme judicial court, of all civil

actions in which "the debt or damage demanded, exclusive of costs do not exceed one hundred dollars, in which either party or a person summoned in good faith and on probable grounds as trustee, reside in said city of Eastport, or in the towns of Cutler, Whiting, Perry or Pembroke."   .   .   .   The difference in phraseology between section 3 and section 4 is marked.   Under section 3, the exclusive jurisdiction of the municipal court depends upon "the debt or damage demanded," which our court has held to be the ad damnum stated in the writ.   Under section 4 the jurisdiction concurrent with the supreme judicial court is governed by "the debt or damage demanded, exclusive of costs."   To determine this we must look, not to the ad damnum which is intended to and does include both debt and costs, and which cannot be separated into its component parts, but to the specific claim set forth in the writ. From that alone we can ascertain what the plaintiff claims independent of costs.   Therefore under section 4 an inspection of the specific demand in the account annexed must determine the question of concurrent jurisdiction.  Here we find the account annexed· to be sixty dollars and eighty-two cents, and therefore the action was clearly within the concurrent jurisdiction of the municipal court and of the supreme judicial court even though the ad damnum was in excess of one hundred dollars.

2.   The second question we must also answer in the affirmative. Section 1, after prescribing the qualifications and duties of the Judge concludes with this express inhibition: "He shall not act as attorney or counsel in any action, matter or thing within the jurisdiction of said court."   The term jurisdiction is here used in its broad sense to include both exclusive and concurrent jurisdiction, both those cases which must be brought in the court over which the municipal judge presides, and those which may be there brought.   The plain intent of the act taken as a whole, was to create a court in the city of Eastport which should have a broader jurisdiction than a trial Justice and should facilitate the administration of law at a lessened expense by enabling litigants in Eastport and the other towns named to have access to a tribunal conveniently located and with more frequent terms than the supreme judicial court.

And the plain purpose of this prohibition was to prevent the incumbent of the office from thwarting the general intent of the act by diverting litigation from his own court into the supreme judicial court as it must be diverted if he is to act as counsel, thereby causing additional and unnecessary expense to the parties. The present case is an illustration. The defendant in the case at bar was a resident of Eastport. The expense connected with a trial in the municipal court in that city would have been slight compared with the expense of a trial in distant Machias or Calais where the terms of the supreme judicial court are held. And we can conceive of a situation where, owing to the diligence or popularity of the attorney who holds the office of Judge, a large amount of litigation would be brought to him by clients, to which the door of his court would thereby be closed, while in the hands of another attorney both doors would be open. It was for this reason that the Legislature enacted this prohibition. To permit the Judge to bring writs in the supreme judicial court which might have been brought in the municipal court would violate the plain words of the act. He cannot do this. This much the attorney must sacrifice, who accepts the judicial position.

3. If the bringing of the writ was contrary to law, it follows that the writ itself was properly abated. This is not the case of a plea in abatement to take advantage of technical defects according to the course of common law pleading. If it were, R. S., ch. 84, sec. 10, might apply, which provides that "no process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person and the case can be rightly understood. Such errors and defects may be amended, on motion of either party, on such terms as the court orders." That statute has no application here. It was passed to ameliorate the rigors of the common law. Here however there was neither want of form, nor circumstantial errors nor mistakes which are by law amendable. The writ is in proper form and needs no amendment. The cause of the abatement is not in the writ itself, but in the prohibition contained in the legislative charter.

Nor does it aid the plaintiff to say that under R. S., ch. 81, sec. 45, "Parties may plead and manage their own causes in court or

do so by the aid of such counsel, not exceeding two on a side, as they see fit to employ, or by any citizen of good moral character who produces in court a letter of attorney for that purpose." The plaintiff did not avail itself of the privilege of acting in its own behalf, but employed one who was, in this class of cases, disqualified from acting. The situation is more akin to the next clause in the last cited section, viz: "but no person whose name has been struck from the roll of attorneys for misconduct shall plead or manage causes in court under a power of attorney from any other party."

The precise issue to be settled is the scope and effect of this prohibiting clause. What interpretation shall be given it? The writ is in court in violation of law. That has been done which the statute says shall not be done. Under these circumstances we think the court is not bound to receive and retain the writ, and permit another attorney to carry on litigation thus improperly instituted. The prohibition must extend to both the actor and the act if the intended result is to be accomplished. Otherwise the purpose of the prohibition has been circumvented and the statute has been devitalized. A positive injunction has been weakened to a mild and impotent request.

In answer to the argument that the client should not suffer by the payment of costs because of the error of his attorney, we would quote the language of the court in *Des Brisay* v. *Mackey,* 12 N. B., 138: "We have not overlooked the hardship that by our construction of the act may result to the client from the employment of an unqualified attorney of whose neglect he may be entirely ignorant, but the hardship is not greater than happens in every case where proceedings are set aside in consequence of the mistake of an attorney in omitting to comply with some rule of practice. The inconvenience of the construction however is no reason for departing from the plain meaning of the words of an act."

Authorities are not numerous. 6 Corpus Juris, p. 670, lays down this principle: "Proceedings in a suit by a person not entitled to practice are a nullity and the suit will be dismissed." Among the cases cited to sustain this doctrine is *Des Brisay* v. *Mackey,* 12 N. B., 138, which is quite analagous to the case at bar. The statute involved in that case provided that no attorney who

failed to pay his law library fees should be allowed to practice in the supreme court. A suit brought by an attorney, thus disqualified, was dismissed, and its dismissal was upheld. This doctrine was affirmed in *Ryan* v. *McIntyre,* Stevens, N. B., Dig. 91, and in *Rex* v. *Sisk,* 35 N. B., 560 (1901).

In *Wallace* v. *Harrington,* 34 N. S., 1, the plaintiff's attorney had failed to take out a yearly certificate as required by statute, but under other sections of the same statute the court held that the validity of the judgment thus obtained was not affected even as to costs. "The procedure for enforcing the provision of the act with reference to the certificate," says the court, "seems to be by penalty and supervision under sections 31 and 34." In the case at bar there are no independent provisions for the enforcement of the prohibition. The prohibition itself must carry by its own momentum if it is to be effective. See also *Rader* v. *Snyder,* 3 W. Va., 413; *County of St. Louis* v. *Clay,* 4 Mo., 562, and *Robb* v. *Smith,* 3 Scam. (Ill.) 45. All these decisions rest upon the peculiar wording of the statutes involved. So must our decision in the pending case. In our opinion this statutory prohibition was intended to be effective and to authorize the dismissal of a suit instituted and maintained in plain contravention of its terms.

*Exceptions overruled.*

KING, J., dissenting. The facts involved in the case have been fully stated in the majority opinion of the court and need not be restated.

The plaintiff's writ, although admittedly in due and sufficient form, properly served, and duly entered in the supreme judicial court for Washington county, which court had complete jurisdiction of the parties and of the subject matter of the action, was quashed under a plea in abatement. The sole alleged reason for quashing the writ was that the plaintiff's cause of action came within the concurrent jurisdiction of the said supreme court and the Eastport municipal court, and that Judge Pike, the Judge of the latter court, had acted as counsel in the preparation of the writ in violation of a provision in the charter of his court whereby the Judge thereof is prohibited to act as counsel in any action within its jurisdiction.

We entertain much doubt if it should be held that Judge Pike in doing what he did in this case violated the inhibition in the charter of his court prohibiting the Judge thereof to act as attorney or counsel in any action "within the jurisdiction of said court." But assume that his act in preparing the writ was a violation of that prohibition, does that go to the abatement of the plaintiff's writ? We think not. To so hold must be to decide that his so acting in violation of the prohibition vitiated and invalidated the writ. And indeed that appears to be the conclusion of the majority opinion, for it declares that the prohibition "must extend to both the actor and the act if the intended result is to be accomplished." But the prohibition itself does not so provide. The Legislature did not declare that if any thing should be done in violation of the prohibition it should be null and void. And we perceive no support either in reason or authority for a conclusion that it was the legislative intent that this prohibition should be enforced by a sacrefice of the rights of innocent parties, the language of the prohibition itself not so providing.

If the prohibition extends to the act as well as the actor, as the majority opinion holds, how shall that theory be applied in a case where such prohibited counsel acts with other counsel? Would this writ have been subject to abatement just the same had Judge Pike acted only in conjunction with some other counsel in its preparation? An affirmative answer would be in accord with the reasoning of the opinion. But it does not seem to us that a construction of the prohibition which leads to such results is justifiable.

We are of the opinion that the plaintiff's writ should not have been quashed. It had been issued by the court itself, under its seal and teste, signed by its clerk, and served and returned to the court as directed. It was before the court as its own legal process, complete and sufficient in every particular, and should not have been quashed as a nullity simply because one forbidden to act as counsel in the case had in fact acted in the preparation of the writ. The plaintiff was innocent. It was unaware that its counsel, Judge Pike, was prohibited, if he was, to act for it. The plaintiff was without any fault in the premises. It was in fact represented in court, before the writ was quashed, by other counsel, C. B. & E. C. Donworth, who requested that the writ be adjudged good and the

defendant be required to answer over, but that request was denied. As we have pointed out the plaintiff's writ was admittedly sufficient and entered in the court having jurisdiction of the action. We think it was the plaintiff's legal right to have its writ remain in court, and to be permitted to prosecute its action either in person or by other counsel, at least. Holding otherwise, and that the plaintiff should be turned out of court, with costs against it, under the circumstances disclosed in this case, is we think a decision out of harmony with those sound and liberal principles which underlie and promote the present-day progress and advancement in judicial procedure.

It is therefore our opinion that the exceptions should be sustained.

MR. JUSTICE HALEY and MR. JUSTICE MADIGAN concur in this dissent.