## HALL v. STONE.

### No. 6867.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1933.

J. R. Pottle, Howell Cobb, and S. B. Lippitt, all of Albany, Ga., and Benton Odom, of Newton, Ga., for appellant.

Sam S. Bennet, H. A. Peacock, and Thomas H. Milner, all of Albany, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Stone, the holder of a negotiable promissory note, brought suit thereon against Hall, the indorser, and obtained judgment, notwithstanding a plea that no notice of protest had been given to Hall. The question is whether such notice was required by law. The note was made payable to Hall, or his order simply, without mention of any bank, and was discounted by him at a national bank. It was dated, "Newnan, Ga., April 5, 1923," before the adoption by the Legislature of the Uniform Negotiable Instruments Law (see Acts Ga. 1924, p. 126).

The law which governs the transaction and the rights of the parties is as follows: "When bills of exchange and promissory notes are made for the purpose of negotiation, or intended to be negotiated at any chartered bank, and the same are not paid at maturity, notice of the non-payment thereof, and of the protest of the same for non-payment or non-acceptance, must be given to the indorsers thereon within a reasonable time, either personally or by post (if the residence of the indorser be known), or the indorser will not be held liable thereon; but it shall not be necessary to protest in order to bind indorsers, except in the following cases, to wit: 1. When a paper is made payable on its face at a bank or banker's office. 2. When it is discounted at a bank or banker's office. 3. When it is left at a bank or banker's office for collection." Park's Code (1914), § 4280. The part down to the semicolon was enacted in 1826; and the part below it was added in 1876, just after the decision of the Georgia Supreme Court in the case of Banks v. Besser, 56 Ga. 199, where it was held that a note payable to other than a chartered bank need not be protested in order to bind the indorser. It is Hall's contention that since 1876 the statute above quoted requires protest as a condition precedent to bind him as indorser because the note in suit was discounted at a bank, and came within the second class of enumerated cases making protest necessary. But we are of opinion that the plain purpose and intent of the Legislature was to deal only with bills of exchange and promissory notes which were made for the purpose of negotiation, or which were intended to be negotiated at a bank, whether it was a chartered or a private bank. The act of 1826 was applicable only to chartered banks; the act of 1876, in view of the decision in Banks v. Besser, supra, was intended merely to extend existing law so as to include a private bank or banker's office, and thus make the law as to negotiable instruments uniform so that it would be equally applicable to all banks whether chartered or not. Strangely enough, the question involved, so far as we are advised, has never been directly passed upon by the Supreme Court of Georgia. There have indeed been expressions by that court which in a general way would indicate that in order to bind an indorser it was

necessary to give notice of protest. Kaiser v. Brown, 98 Ga. 19, 25 S. E. 925; Steinau v. Moody, 100 Ga. 136, 28 S. E. 30; Bank of Richland v. Nicholson, 120 Ga. 622, 48 S. E. 240; Davis v. West & Co., 127 Ga. 407, 56 S. E. 403. But, because such expressions were mere dicta, those decisions are not controlling here, or even in the court which rendered them. There is a decision by the Court of Appeals of Georgia, written by the present Chief Justice of the Supreme Court, where it is directly held that an indorser was not entitled to notice of protest on a note which was not made for the purpose of negotiation or intended to be negotiated at a chartered bank, such as was the bank which in this case discounted Hall's note. Bridges v. Phillips, 10 Ga. App. 279, 73 S. E. 423. Our conclusion is that the plea setting up lack of protest was no answer to the suit on the note.

The judgment is affirmed.