Edna A. Norton *vs.* Inhabitants of Fayette and Trustee.

Androscoggin.     Opinion, November 16, 1936.

*Herbert E. Foster*, for plaintiff.
*Edmund C. Darey*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.  A practicing attorney at Livermore Falls, in the County of Androscoggin, at one time represented the plaintiff in connection with her claim now in suit against the defendant. He was at the same time Judge of the Municipal Court at Livermore Falls.

The statute, R. S., Chap. 97, Sec. 33, provides that, "No judge of any municipal or police court shall act as counsel or attorney in any case, cause, matter or thing, which depends upon or relates to any cause exclusively cognizable by the court over which he presides, or which is actually brought in said court, although concurrently cognizable by some other court."

The plaintiff, however, was a resident of Fayette, in the County of Kennebec, and the defendant town is also located in that county. Ordinarily the Livermore Falls Municipal Court is without jurisdiction outside of its county, and therefore its judge could with propriety act as attorney for the plaintiff and was not then subject to the prohibition of the statute.

Acting as such attorney, he wrote to the first selectman of Fayette, setting forth the claim of the plaintiff in a statement which shows that it is identical with that in suit, and requested immediate payment, asserting among other things, "It is an honest bill." Later a second letter discloses that he had discussed the matter with the selectmen, been informed of the version of the defendant, advanced its denial by the plaintiff, and again insisted upon payment. The defendant did not comply with the request.

About five months later the plaintiff through another attorney

brought this action against the defendants, returnable to the Livermore Falls Municipal Court. Although the claim amounts to but $37 and the defendant is a town, the plaintiff named the Livermore Falls Trust Co. as trustee, alleging that the defendant did not have in its hands and possession goods and estate of the value of the *ad damnum* of $75. As the trustee was located at Livermore Falls, this use of the trustee process gave jurisdiction to the Livermore Falls Municipal Court. It appears from the record that the trustee never filed a disclosure. The plaintiff took no action to require one, and the trustee has never been charged, discharged or defaulted by the Judge.

Several terms after the case was entered the defendant filed a written motion that the action be abated or removed to a disinterested tribunal upon the ground that the Judge was disqualified. The letters written by the Judge were incorporated in the motion. The motion was denied. The docket of the Municipal Court then shows that judgment was rendered for the plaintiff for the full amount, with interest. The defendant appealed to the Superior Court for Androscoggin County. In that Court the plaintiff filed a motion to dismiss the appeal for the reason that the defendant did not plead the general issue in the Municipal Court. The sole question presented to the presiding Justice was upon the right of appeal when no plea of general issue had been made in the lower court. The plaintiff was upheld on this contention, and exceptions bring the case forward.

Argument of counsel has been directed to the point raised in the Superior Court, and, further, that the motion to dismiss was in the nature of a plea in abatement and was insufficient because not filed in season and not supported by affidavit.

The real question, however, is not a matter of technical defects according to the course of common-law pleadings. The writ is in proper form. The Court, on the face of the writ, had jurisdiction; but as constituted, was it a disinterested tribunal? The great underlying principle is that no judge should preside in a case in which he is not wholly free, disinterested, impartial and independent. This principle should not have a narrow or technical construction, but should be applied to all cases where a judicial officer is called upon to decide controversies between the people. Such a rule is in the gen-

eral interest of justice, to preserve the purity and impartiality of the courts and the respect and confidence of the people for their decisions.

In 15 R. C. L., Judges, Sec. 16, we find the principle stated thus: "Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights, and courts cannot too carefully guard against any attempt of an interested judge to force himself on litigating parties."

The reason expressed by Bronson, J., in *People* v. *Suffolk*, Com. Plea, 18 Wend., 550, shows its universal application: "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the Judge." *Conant's Appeal*, 102 Me., 477, 67 A., 564; *Lyon* v. *Hamor*, 73 Me., 56.

By the weight of authority, a judge is disqualified to be a witness in a case on trial before him, and many reasons are assigned, one being that the safer course, the better way is to remove trial judges from all temptation, and relieve them from all suspicion or criticism, by adopting and enforcing an unyielding rule that he who has been, or is to be, a material witness in a cause, can not preside at the trial thereof. *Burlington Ins. Co.* v. *McLeod*, 40 Kan., 54, Ann. Cas., 1913 C.

This might well be paraphrased with even greater force by saying that he who has undertaken a cause in behalf of one party as his advocate and counselor can not sit in judgment to determine the rights of both parties to the same cause.

It is true, as stated in *Bond* v. *Bond*, 127 Me., 117, 141 A., 833, 835, that "at common law, the only ground for recusation of a judge was pecuniary interest or relationship. Bias or prejudice was not sufficient." But as further noted in the opinion, "The modern trend has been to add by legislation other grounds of recusation to those recognized at common law . . . and in a few cases the courts have held other grounds than those recognized at common law sufficient to disqualify."

In *Tampa St. Ry. Co.* v. *Tampa Suburban R. Co.*, 30 Fla., 595, 17 L. R. A., 681, the Court held that the previous relations of attorney and client disqualify a judge, notwithstanding there is no statute in the state making it a disqualification.

In the case at bar the statute of our State, R. S., Chap. 97, Sec. 33, cited *supra*, was invoked. Under a narrow and strict interpretation it might be urged that the statute does not in terms include an action, matter or thing in which the judge has previously acted as attorney. Our Court, however, has already spoken in no uncertain language with reference to a municipal court charter provision of exactly the same import, and has given to it a broad construction consistent with its manifest purpose and intent. In *National Publicity Society* v. *Raye*, 115 Me., 147, 98 A., 300, the Court held that the charter prohibition applied to a judge who brought suit in another court upon a cause which was within the concurrent jurisdiction of his own court. In that case the judge acted only as an attorney and undertook to prosecute the action before a disinterested tribunal. In this case he gave judgment to his former client in the very matter in which he had acted for her as attorney.

It is contended, however, that the defendant did not comply with the rules of pleading; that by the municipal court charter all the provisions of law relating to proceedings and practice in the Supreme Judicial Court were made applicable, and that under Rule 5 of the Supreme Judicial and Superior Courts not only must pleas or motions in abatement be filed within two days after the entry of the action, but also, if alleging matter of fact not apparent on the face of the record, must be verified by affidavit.

The statute is broad enough to create a prohibition. It disqualifies the judge under the circumstances which exist in the present case. It was not intended that the prohibition should be circumvented or the statute devitalized by failure of the defendant to comply with the technical rules of pleading or procedure. It could not thus be weakened to a mild and impotent request. This is the reasoning in *National Publicity Society* v. *Raye*, supra, and the Court further says: "In the case at bar there are no independent provisions for the enforcement of the prohibition. The prohibition itself must carry by its own momentum if it is to be effective."

Consideration has also been directed as to whether the exceptions raise the particular point, but it is to be noted the exceptions are to the ruling of the presiding Justice in the Superior Court that the defendant's appeal be dismissed and the judgment of the Muni-

cipal Court affirmed. There was no valid judgment of the Municipal Court, and consequently there could be no valid affirmation.

*Exceptions sustained.*