## LAND MANAGEMENT, INC.

v.

## DEPARTMENT OF ENVIRONMENTAL PROTECTION et al.

Supreme Judicial Court of Maine.

Jan. 26, 1977.

John D. Fallon, Waterboro, for plaintiff.

Murray, Plumb & Murray by Peter S. Plumb, Portland, for Nolette & Payeur Associates.

Smith, Elliott, Wood & Nelson, P. A. by Roger S. Elliott, Randall E. Smith, Saco, for Town of Waterboro.

Robinson, Solman, Hunt & Kriger by M. Roberts Hunt, Portland, for Land Use Consultants, Inc.

H. Cabanne Howard, Gregory W. Sample, Asst. Attys. Gen., Augusta, for Dept. of Environmental Protection and Bd. of Environmental Protection.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The sole issue raised by this appeal is whether the presiding Justice acted properly in dismissing the plaintiff's complaint on the ground that the plaintiff was a corporation not represented by a duly admitted attorney. We conclude that the Justice below correctly dismissed the complaint, and we therefore deny the plaintiff's appeal.

The plaintiff, Land Management, Inc., is a corporation doing business in the State of Maine. On April 9, 1976, it commenced an action in the Superior Court seeking declaratory and injunctive relief against the defendants. Throughout the proceedings in the Superior Court the plaintiff was represented by its president who, admittedly, is not an attorney admitted to practice law in Maine.[1]

All of the defendants filed motions to dismiss the plaintiff's complaint. After a hearing the presiding Justice granted the motions solely on the basis

"that the Plaintiff Land Management, Inc. is not entitled to proceed in this ac-

---

1. The plaintiff's Board of Directors authorized the president to institute this action against the defendants and to represent its interests in all court proceedings relative thereto.

tion acting *pro se* by and through a person who is not an attorney licensed to practice law."

In support of its position that a corporation may represent itself in Maine courts through a corporate officer who is not a duly admitted attorney, the plaintiff relies upon language found in 4 M.R.S.A. §§ 807 and 811.

4 M.R.S.A. § 807 provides:

"Unless duly admitted to the bar of this State, no person shall practice law or any branch thereof, or hold himself out to practice law or any branch thereof, within the State or before any court therein, or demand or receive any remuneration for such services rendered in this State. Whoever, not being duly admitted to the bar of this State, shall practice law or any branch thereof, or hold himself out to practice law or any branch thereof, within the State or before any court therein, or demand or receive any remuneration for such services rendered in this State, shall be punished by a fine of not more than $500 or by imprisonment for not more than 3 months, or by both. This section shall not be construed to apply to practice before any Federal Court by any person duly admitted to practice therein nor to a person pleading or managing his own cause in court. . . ."

4 M.R.S.A. § 811 defines a "person" as "any individual, corporation, partnership or association."

On the basis of these statutory provisions, the plaintiff contends that since a corporation can only act through its agents, it may authorize a non-attorney to represent it in court. We do not agree with the plaintiff's assertion that the Legislature, in enacting §§ 807 and 811, intended to permit a corporation to be represented before the courts of this State by a person who is not authorized to practice law. To accept plaintiff's argument would require us to hold that a corporation may authorize a non-attorney to represent it in court, while an individual may not. We do not believe that the Legislature intended such an illogical result. The purpose of § 811 for including a corporation within the definition of the word "person" was to make it clear that a corporation, as well as anyone else, is prohibited from engaging in the unauthorized practice of law. This section modified the § 807 prohibition against unauthorized practice rather than expanding the right of individuals to represent themselves in either the Federal or State courts.

The rule that a corporation may appear in court only through a licensed attorney was stated succinctly in *Paradise v. Nowlin*, 86 Cal.App.2d 897, 195 P.2d 867 (1948):

"A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona."

Sound public policy reasons also require such a rule. As stated by the Ohio Supreme Court:

"To allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court."

*Union Savings Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 262 N.E.2d 558, 561 (1970). *See also Brandstein v.*

*White Lamps, Inc.,* 20 F.Supp. 360, 370 (S.D.N.Y.1937).

There is abundant authority, both state and federal, rejecting the argument, as advanced by the plaintiff, that a corporation has the right to appear in court without the aid of a licensed attorney. *See, e. g., Commercial & Railroad Bank v. Slocomb,* 39 U.S. (14 Pet.) 60, 65, 10 L.Ed. 354 (1840); *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 738, 830, 6 L. Ed. 204 (1824); *In Re Victor Publishers, Inc.,* 545 F.2d 285, 1st Cir. 1976; *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967); *Simbraw, Inc. v. United States,* 367 F.2d 373, 374 (3d Cir. 1966); *Flora Construction Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); *James v. Daley & Lewis,* 406 F.Supp. 645, 648 (D.Del.1976); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 476–77 (N.D.Tex. 1975); *Brandstein v. White Lamps, Inc.,* 20 F.Supp. 369, 370 (S.D.N.Y.1937); *Union Savings Ass'n v. Home Owners Aid, Inc.,* 23 Ohio St.2d 60, 262 N.E.2d 558, 560–61 (1970); *Ramada Inns. Inc. v. Land & Bird Advertising, Inc.,* 102 Ariz. 127, 426 P.2d 395, 396 (1967); *Tuttle v. Hi-Land Dairyman's Ass'n,* 10 Utah 2d 195, 350 P.2d 616, 617–18 (1960); *Niklaus v. Abel Construction Co.,* 164 Neb. 842, 83 N.W.2d 904, 910 (1957); *State ex rel. Daniel v. Wells,* 191 S.C. 468, 5 S.E.2d 181, 186 (1939); *Clark v. Austin,* 340 Mo. 467, 101 S.W.2d 977, 982–83 (1937); *United Securities Corp. v. Pantex Pressing Mach., Inc.,* 98 Colo. 79, 53 P.2d 653, 656 (1935); *Cary & Co. v. F. E. Satterlee & Co.,* 166 Minn. 507, 208 N.W. 408, 409 (1926); *Culpeper Nat. Bank, Inc. v. Tidewater Improvement Co.,* 119 Va. 73, 89 S.E. 118, 120 (1916); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.,* 437 S.W.2d 43, 45 (Tex.Civ. App.1969); *Kentucky State Bar Ass'n v. Henry Vogt Mach. Co.,* 416 S.W.2d 727, 728 (Ky.App.1967); *Nicholson Supply Co. v. First Federal Sav. & Loan Ass'n,* 184 So.2d 438, 442 (Fla.App.1966); *Paradise v. Nowlin, supra; Black & White Operating Co. v. Grosbart,* 107 N.J.L. 63, 151 A. 630, 633 (1930).

■ Since the plaintiff was not represented by counsel licensed to practice law, its complaint was a nullity and was properly dismissed by the presiding Justice. *See National Publicity Society v. Raye,* 115 Me. 147, 151, 98 A. 300, 302 (1916).

The entry is:

Appeal denied.

All Justices concurring.

DUFRESNE, C. J., did not sit.