**STATE of Maine et al.**

v.

**John D. FALLON et al.**

Supreme Judicial Court of Maine.

Submitted on Memoranda Aug. 12, 1987.
Decided Sept. 10, 1987.

James E. Tierney, Atty. Gen., Peter J. Brann, Asst. Atty. Gen., Augusta, for plaintiff.

John D. Fallon, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

**PER CURIAM.**

On July 22, 1987, we dismissed the appeal taken on July 6, 1987, by defendant John D. Fallon[1] on the ground that the appeal was interlocutory and premature. At the same time we reserved until after August 12, 1987, disposition of the State's motion to impose sanctions upon defendants for taking a frivolous appeal and directed the parties before that date to file memoranda of law on the issue of sanctions. Only the State has filed a memorandum on that issue.

Defendant Fallon's latest appeal was plainly frivolous. It was taken from an order of the Superior Court (York County), entered as a result of a pretrial conference, that scheduled the trial of this action for September 1987, prescribed the time for filing trial briefs, and resolved other procedural matters relating to the conduct of the trial. By no possible stretch of the imagination was that pretrial order a final judgment or an order qualifying for an exception to the final judgment rule. Indeed, defendant Fallon has at no time attempted to make a response to the State's motion to dismiss, or for that matter to the State's motion for sanctions. One can only conclude that the appeal was instituted primarily for the purpose of delay. In these circumstances we must grant the State's motion for sanctions under M.R.Civ.P. 76(f). We award to the State an amount that represents a reasonable attorney's fee for the representation of the State in connection with this latest frivolous appeal. The State moved for sanctions only under Rule 76(f). For that reason we do not consider whether an additional sanction should also be imposed under M.R.Civ.P. 11 (made here applicable by the third sentence of M.R.Civ.P. 73(b)) for defendant Fallon's signing and filing of a notice of appeal for which there was no good ground of support or which was interposed for delay.

---

1. John D. Fallon purported to appeal for the other defendants, namely, his wife, Shirley Fallon, and their closely held corporations, Incorporated Investments, Ireus Company, and Land Management, Inc. That purported appeal was a nullity because John D. Fallon is not an attorney authorized to represent others in court. *Land Management, Inc. v. Department of Envtl. Protection,* 368 A.2d 602 (Me.1977).

The docket reveals that this present appeal is the third appeal from patently interlocutory Superior Court orders that defendant Fallon has taken in this one action. We have dismissed all three appeals as improperly brought, but only after defendant Fallon has achieved his apparent purpose of bringing to a halt the normal progression of the Superior Court suit against him and his wife and corporations. We will not countenance a repetition of defendant's blatant abuse of the appellate processes. The dilatory tactic of prosecuting groundless interlocutory appeals must cease. Acting pursuant to M.R.Civ.P. 76A(c) and for good cause shown, we order that henceforth none of these defendants may appeal any order of the Superior Court unless that court has entered a certificate pursuant to M.R.Civ.P. 54(b) or has otherwise certified that its order is a final judgment or falls within an established exception to the final judgment rule. Because of the close relationship between defendant John D. Fallon and the other defendants, the certificate requirement to be effective in preventing further dilatory practices must apply to all of the defendants.

The entry is:

The State's motion for sanctions pursuant to M.R.Civ.P. 76(f) is granted; remanded to the Superior Court to enter judgment in the amount of $480 in favor of the State against defendant Fallon.

Pursuant to M.R.Civ.P. 76A(c) and for good cause shown, M.R.Civ.P. 73(b) is hereby suspended to the extent that no Superior Court clerk shall hereafter accept for filing by any of the five defendants a notice of appeal from any order of the Superior Court in this or any other action unless the Superior Court shall have previously certified that the order appealed is a final judgment or falls within an established exception to the final judgment rule. This order does not enlarge the period of appeal otherwise prescribed by law.

Any pending motions of defendants are hereby denied.

This court's mandate herein shall issue forthwith.

All concurring.