STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-09-189

*◯ A⍴ - Yor- 10:14/2010*

ONLINE TRANSPORT, INC.,

Plaintiff

v.                                                          **ORDER**

FOREST MANSUR d/b/a
HERITAGE MEMORIALS

and

OCEAN VIEW CEMETARY,

Defendants

Plaintiff Online Transport, Inc., brought this action against defendants Forest Mansur and Ocean View Cemetery after they allegedly trespassed onto Online Transport's property, removed a stone wall, and then converted the stones to their own use. Mr. Mansur and Ocean View each move for summary judgment. Following hearing, the Motions will be Granted.

## BACKGROUND

Ocean View Cemetery operates a cemetery located on Post Road in Wells, Maine. (Supp. S.M.F. ¶ 2.) Online Transport, Inc., is a real estate holding corporation that acquired property adjacent to Ocean View's cemetery on February 28, 2000. (Supp. S.M.F. ¶¶ 3, 5–6.) A stone wall existed at or near the boundary between the cemetery and Online Transport's property until October 2007, when Ocean View hired Forest Mansur to remove it. (Supp. S.M.F. ¶¶ 7, 9; Brown Aff. ¶ 7.) Online transport alleges

that the wall was on its property and that it had an ownership interest in the stones. Ocean View and Mansur assert that the wall was located entirely on Ocean View's property and have provided uncontroverted evidence supporting their position. (Supp. S.M.F. ¶ 8.)

Acting through its attorney, Online Transport filed its five-count complaint against the defendants on June 12, 2009. Online Transport accused the defendants of both statutory and common-law trespass, conversion of the granite stones in the wall, negligence, and malicious intent warranting punitive damages. Ocean View responded with a counterclaim for declaratory judgment. Counsel withdrew from representation of Online Transport on January 28, 2010, due to fundamental disagreements between himself and his client. Online Transport has not obtained new counsel, and has proceeded pro se through Richard Lambert, its president, principal and sole office holder. (Supp. S.M.F. ¶ 4.)

On March 10, 2010, Ocean View filed its motion for summary judgment in accordance with Rule 56 of the Maine Rules of Civil Procedure. It argues that the stone wall was entirely on its property, and Online Transport consequently has no claim. Mr. Mansur joined in Ocean View's motion on March 22, 2010. Online Transport filed its timely opposition on April 1, 2010, through its president Mr. Lambert. While this opposition was accompanied by survey plats and Mr. Lambert's affidavit, it did not include "a separate, short, and concise opposing statement" of material facts admitting, qualifying, or denying the defendants' assertions. M.R. Civ. P. 56(h)(2) (2009).

The defendants replied, prompting Online Transport to submit a "Revised Objection to Defendant's Motion for Summary Judgment" which included within it numbered responses to the defendants' statements of fact. These responses were not contained in a separate document, and were not supported by citations to admissible

2

evidence in the record. M.R. Civ. P. 56(h)(2) (2009). They also explicitly do not dispute the defendants' statement that: "No portion of the disputed stone wall existed on Online Transport property." (Supp. S.M.F. ¶ 8.)

## DISCUSSION

Before the court can address the defendants' motions for summary judgment, it must address the preliminary issue of Online Transport's representation in this case. Mr. Mansur correctly argues in his reply that a corporate entity may only appear in court through a licensed attorney. *Spickler v. Dube*, 644 A.2d 465, 468 n.6 (Me. 1994); *Land Management, Inc. v. Dept. of Envtl. Prot.*, 368 A.2d 602, 603 (Me. 1977). Corporate plaintiffs may not represent themselves pro se through their officers or board members because doing so would allow non-attorneys to practice law on behalf of another in violation of 4 M.R.S.A. § 807 (2009). *Land Management, Inc.*, 368 A.2d at 603. This means that Mr. Lambert cannot represent Online Transport in this court, and all of Online Transport's filings made after its attorney withdrew are null and void. *Id.* at 604. These are primarily the filings related to the defendants' motions for summary judgment.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise opposing statement . . . [that] shall admit, deny or qualify the facts asserted . . . [and] shall support each denial or qualification by a record citation . . . ." M.R. Civ. P. 56(h)(2) (2009). Factual assertions that are supported by a citation to admissible evidence "shall be deemed admitted unless properly controverted." M.R. Civ. P. 56 (h)(4) (2009).

3

Online Transport did not submit any cognizable opposition to Mr. Mansur's and Ocean View's motions for summary judgment because it cannot proceed pro se as a corporation, and its filings were not signed by a licensed attorney. The opposition that it did file failed to include a separate statement of facts admitting or denying the defendants' assertions, and at one point expressly admitted that the stone wall in controversy was entirely on Ocean View's property. Online Transport failed to controvert any of the defendants' statements of fact, so they are all deemed admitted if properly supported by admissible evidence. Ocean View supports its facts with citations to deeds, survey plats, and the affidavit of its expert surveyor. All of this evidence appears to be admissible, so all of Ocean View's factual assertions are deemed admitted.

The uncontroverted record shows that the stone wall was entirely on Ocean View's property. Without a property interest in the wall or the stones within it, Online Transport has suffered no cognizable injury from its removal and has no basis for its claims of trespass, conversion, negligence, or punitive damages. Further, Ocean Views' Motion for Summary Judgment on its claim for Declaratory Judgment is Granted.

## CONCLUSION

The court Grants Ocean View's and Mr. Mansur's motions, and enters judgment in their favor on all counts of Online Transport's complaint, and Summary Judgment for Ocean View on its counterclaim. Counsel for Ocean View may prepare a judgment suitable for filing in the registry of deeds.

Dated:  October 14, 2010

G. Arthur Brennan
Justice, Superior Court

4

PLAINTIFF PRO SE:
ONLINE TRANSPORT INC
1501 POST ROAD
WELLS ME   04090

ATTORNEY FOR DEFENDANT OCEAN VIEW CEMETERY:
RONALD BOURQUE, ESQ.
BOURQUE & CLEGG
PO BOX 1068
SANFORD ME   04073

H PETER DEL BIANCO, ESQ.
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME   04101-5215

ATTORNEY FOR DEFENDANT FOREST MANSUR DBA HERITAGE MEMORIALS:
FREDERICK MOORE, ESQ.
LAW OFFICES OF FREDERICK C MOORE
511 CONGRESS ST 4TH FL
PORTLAND ME   04101