STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-345

TOWN OF WINDHAM,

     Plaintiff,

v.

COASTAL REALTY CAPITAL, LLC
d/b/a MAINE CAPITAL GROUP,

     Defendant/Third-Party
     Plaintiff,

v.

RUBY MEADOWS LLC and PAUL
C. HOLLIS,

     Third-Party Defendants.

**ORDER ON THIRD-PARTY
PLAINTIFF'S REQUEST FOR
ENTRY OF DEFAULT AND
DEFAULT JUDGMENT AGAINST
THIRD-PARTY DEFENDANTS
RUBY MEADOWS LLC AND
PAUL C. HOLLIS**

Before the Court is Third-Party Plaintiff Coastal Realty Capital, LLC d/b/a Maine Capital Group's ("CRC") separate Requests for Default and Default Judgment against Third-Party Defendants Ruby Meadows LLC ("Ruby Meadows") and Paul C. Hollis. For the following reasons, the Court denies CRC's request for entry of default and default judgment against Mr. Hollis, grants the request for entry of default against Ruby Meadows, and denies the request for entry of default judgment against Ruby Meadows.

I.    **Default and Default Judgment Standard**

Maine Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Pursuant to M.R. Civ. P. 55(b)(1), default judgment may be entered by the clerk when the plaintiff's claim against a defendant is for a sum certain

REC'D CUMB CLERKS OFC
SEP 26 '22 AM8:52

and the defendant has been defaulted and has failed to appear. Otherwise, default judgment may only be entered by the Court. M.R. Civ. P. 55(b)(2). The Court may "conduct such hearings and order such references as it deems necessary and proper" to determine the amount of damages. *Id.*

## II. Discussion

### A. Ruby Meadows

The registered agent for Ruby Meadows, Hylie A. West, was served with the Third-Party Complaint and summons on February 9, 2022.[1] The return of service was filed on March 8, 2022. On April 27, Mr. Hollis filed an answer on behalf of Ruby Meadows.[2] The answer was signed only by Mr. Hollis.

An unsigned motion or pleading should not be accepted for filing and can have no legal effect. M.R. Civ. P. 11. This rule extends to pleadings that are signed only by a person who may not represent the party before the Court, including nonlawyer agents. *See Haynes v. Jackson*, 2000 ME 11, ¶ 15, 744 A.2d 1050.

A corporation may only appear in Court through a licensed attorney. *Land Mgmt., Inc. v. Dep't of Env't Prot.*, 368 A.2d 602, 603-04 (Me. 1977). To the Court's knowledge, Mr. Hollis is not an attorney and has not filed an appearance on behalf of Ruby Meadows. Thus, the answer filed by Mr. Hollis may not be given any legal effect as to Ruby Meadows. Default should be entered against Ruby Meadows because Ruby Meadows has failed to plead or otherwise defend.

The Court is not, however, prepared to enter default judgment against Ruby Meadows at this time. The Affidavit and Request for Default and Default Judgment states that CRC's claim is for a sum certain; namely, $236,058.17. While the exhibits attached to

---

[1] Attorney West has since notified the Court that she no longer serves as Ruby Meadows's registered agent.
[2] All deadlines were extended by thirty days by the Court's March 28 Order.

the Affidavit demonstrate Ruby Meadows's obligation on the Commercial Note, they do not set out the amount of the debt outstanding. Nor does the Third-Party Complaint reference any figure on which the $236,058.17 sum is based. Without speculating, the Court cannot determine from the pleadings and exhibits before it any "sum certain" due to CRC. *See Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993) ("Documentation showing a debt of $33,932.59 does not render a claim for $12,967.84 a sum certain. Nor is Interstate's claim for a sum certain merely because it is for a specific dollar amount."). The Court requires a further evidentiary showing before default judgment may be granted against Ruby Meadows.

### B.    Mr. Hollis

It is less clear whether the answer signed by Mr. Hollis is effective as his answer. Although it is introduced as "the answer . . . by [] 3rd party defendant Ruby Meadows LLC," it is signed by "Paul C. Hollis, *and* as Manager Owner for Ruby Meadows, LLC" (emphasis added), suggesting that the answer was intended to serve as Mr. Hollis's individual answer as well as Ruby Meadows's answer.

However, even if the Court did not accept the answer as Mr. Hollis's answer, default is not appropriate because the Court has no proof that Mr. Hollis was served, properly or otherwise. Although Mr. Hollis clearly has actual notice of the Third-Party Complaint, no return of service was ever filed for Mr. Hollis. A defendant's duty to plead does not arise until that defendant is served. *See* M.R. Civ. P. 12(a) ("A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant . . . ."). If Mr. Hollis has not yet been served, then his time to answer the Third-Party Complaint has not begun to run.

Moreover, Mr. Hollis has previously appeared through his former counsel, who filed a Nunc Pro Tunc Motion to Extend Deadline to Respond to Third-Party Complaint

on his behalf. Certainly, entry of default and default judgment against Mr. Hollis would be inappropriate under the circumstances.

## III.    Conclusion

In conclusion, default should enter against Ruby Meadows for failure to plead or otherwise defend, but default judgment is not appropriate without evidence of damages. Neither default nor default judgment will be entered against Mr. Hollis.

The entry is:

Third-Party Plaintiff Coastal Realty Capital, LLC's Request for Entry of Default and Default Judgment against Third-Party Defendant Ruby Meadows LLC is GRANTED IN PART AND DENIED IN PART. Default is entered against Ruby Meadows LLC, but default judgment will not be entered without an evidentiary showing of damages. Third-Party Plaintiff's Request for Entry of Default and Default Judgment against Third-Party Defendant Paul C. Hollis is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____9/23/2022_____

_____
MaryGay Kennedy, Justice
Maine Superior Court